FILED

PAID

JUN – 2 2022
TV
Clerk, US District Court
COURT 46 12

2022 JUN -2 PM 1: 06

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1 Nathan Smith

2 11040 Otsego Street

3 North Hollywood California 91601

4 meteor@inorbit.com

5  213 590-0594

6                    UNITED STATES DISTRICT COURT

7                    CENTRAL DISTRICT OF CALIFORNIA

8     Nathan Smith

9               plaintiff

10

11          vs

12 Pyrorcashman LLp, Hunton Andrews Kurth LLP

13 Bonhams and Butterfields Auctioneers Corp

14 Sotheby's Inc    and Christie's Inc

15  JOE PATELLO  Olsoff Cahill Cossu LLP

16               defendants

**LACV22-3765- PSF-KSx**

CASE NO

17 COMPLAINT FOR : FRAUDULENT MISREPRESENTATION ,CIVIL CONSPIRACY

18 NEGLIGENCE, DECLARATORY RELIEF ,BREACH OF CONTRACT , FRAUD,

19 INJUNCTIVE RELIEF, TORTIOUS INTERFERENCE, PROMISSORY FRAUD

20  VIOLATION OF BUSINESS AND PROFESSIONS CODE 6125 AND 6126 ,16240

21  Plaintiff Nathan Smith  seeks a declaration of rights of parties  under  28 U.S.C

22 2201 the Federal Declaratory  Judgment Act . Plaintiff also seeks injunctive  relief

23 enjoining the defendants from further  material breaches  of the Feb 18 2022 settlement

24 agreement under rule  65 of the Federal  Rules of Civil Procedure

25 The  central  issues are the Defendants  breach  of the Feb 18 2022  agreements  and the

26 guarantees that  the defendants  had to pay  for failing to hold the sales for Plaintiff diamonds

27 as set forth  in the Feb 18 2022 settlement agreement  that  the  previous Court lack the

28  subject  matter jurisdiction to  enforce.

1

1  The  Feb 18 2022  Settlement agreement in question resolved a civil action

2

3 before this Court titled  Nathan Smith vs Chrisite's  et  al   2:22-cv-00279.

4 Plaintiff  dismissed his action without prejudice  as part of the settlement agreement

5 with  the defendants.  The Honorable  Judge Fitzgerald  of the  Central  District of

6 California  previously ruled that the Court lacked the jurisdiction to  enforce Plaintiff's

7 settlement  with the defendants  Christie's  , Sotheby's and Bonhams  because  Plaintiff

8 had  ████████  dismissed his case  thereby  depriving the Court of Jurisdiction so

9  therefore the Court lacked subject matter jurisdiction to enforce the settlement

10 agreement between the parties.  All the parties had the opportunity to be heard

11 regarding the issue of their being a settlement between Nathan Smith and

12 defendants  Sotheby's  Bonhams and Christie's.  The previous Court  decided and ruled

13 on the issue of whether or not the parties had settled  the matter . The Court then

14 issued an order stating that the Court  lack the subject matter jurisdiction to

15 enforce the  settlement between the parties because Plaintiff  had dismissed his case.

16  Three of the parties  to the previous  lawsuit  or current defendants  in this  matter.

17

18                                    THE PARTIES

19

20  Plaintiff  Nathan Smith  is an individual  citizen  of  California

21  Defendant  Joseph Patello is  an individual  citizen of  New  York

22  Defendants  Bonhams and Butterfields  auctioneers  inc  are  a

23 New York  and  Foreign  Corporation

24  Defendant  Christie's  is  a  New  York  and  Foreign Corporation

25   Defendant  Sotheby's  is  a New  York  and  Foreign Corporation

26  Defendant  Pyrorcashman LLP  is  a  foreign Florida  LLP

27   Defendant  Hunton Andrews Kurth LLP  is  a foreign New York  LLP

28    Defendants  Olsoff Cahill Cossu LLP is a foreign  New York LLP

1                      JURISDICTION AND VENUE

2

3  This Court has jurisdiction over this case . There is diversity of citizenship

4  under 28 1332. Plaintiff Nathan Smith is diverse from all the defendants.

5  The amount in controversy exceeds $3,000,000,000 dollars.

6  Venue is proper in this jurisdiction over this Court has personal jurisdiction over

7  all the defendants and Plaintiff. The contract at issue was executed on Feb 18 2022

8  in California and New York. The litigation that preceded the settlement was

9  bought by Plaintiff Nathan Smith in this Court and concerned the defendants

10  breach of contract involving the sale of Plaintiff Nathan Smith's record setting

11  colored diamonds. Nathan Smith to enforce the settlement in the previous Court

12  but Plaintiff was threaten and forced by the defendants lawyers into dismissing

13  his case prematurely which resulted in the Court not being able to enforce the

14  settlement because of lack of subject matter jurisdiction due to Plaintiff dismissing

15  his case . Plaintiff was forced and threaten into dismissing his previous case prematurely

16  so Plaintiff was unable to get the previous Court to enforce the settlement between the parties.

17  Defendants have materially breached and violated the terms of the Feb 18 2022 agreement.

18  Declaratory relief is proper under 28 U.S. C. 2201. There is an actual controversy

19  between the parties that is immediate and ripe.

20

21   Injunctive relief is also proper. Plaintiff Nathan Smith has no adequate remedy

22  at law and will suffer further irreparable harm. If defendants is not enjoined from

23  further material breaches and violations of the settlement agreement and the defendants

24  refusal to abide by or adhere to the terms of the Feb 18 2022 settlement agreement.

25  There is no other litigation pending in Federal or State Court that would resolve the

26  rights of the parties except for Plaintiff's future motion for injunction pursuant to the

27  All Writs Act and California unfair business and False advertisement laws in the

28  underlying action.

1   The Court has supplemental jurisdiction of the State law Claims pursuant

2   to 28 U.S.C. 1367 .

3   The Settlement between Plaintiff Nathan Smith and defendants Sotheby Inc,

4 Christie's Inc and Bonhams and Butterfields Auctioneers Corp was done

5 pursuant to California Code of Civil Procedure 664.6. The agreement is signed

6 by both Plaintiff Nathan Smith and the Parties attorney Joseph Patella.

7 The Honorable Judge Fitzgerald previously issued an order stating that he lacked

8 the subject matter jurisdiction to enforce the settlement between the parties because

9 Plaintiff had dismissed his case thereby depriving this Court of subject matter

10 jurisdiction to enforce the Settlement agreement between the parties.

11 None of the parties appealed this ruling /order of the previous Court.

12 Venue is also proper under 28 U.S.C 1391 (b) (1) insofar as a least one of the

13 defendants conduct business in California. All the defendants conduct business in

14 California and New York or alternately under 28 U.S.C 1391 (b)(2) insofar

15 as a substantial part of the events or omissions giving rise to this action and claims

16 occurred in this District or alternately under 28 U.S.C. 1391 (b) (3) insofar as

17 at least one of the defendants is subject to the Court's personal jurisdiction here .

18

19                    FACTUAL ALLEGATIONS

20

21   1.Defendants Bonhams.Christie's and Sotheby's participated and directed their defendant

22 Counsels and defendant Law Firms to force and threaten, intimidate, trick and coerce,

23 strong arm and sanction Plaintiff Nathan Smith into dismissing his lawsuit prematurely.

24 Plaintiff was also forced and threaten by all of the defendants into dismissing his lawsuit

25 with prejudice .Plaintiff was also threaten with sanctions and with being label a Federal

26 vexatious litigant if he did not dismiss his complaint with prejudice and if he filed the

27 Motion to enforce the settlement agreement between the parties even though all the

28 defendants had already agreed that Plaintiff could file the motion to enforce the settlement

between the parties and even though all the defendants had already settled the case with Plaintiff.

1    2. Plaintiff was unable to Enforce his settlement with the defendants because

2 of the defendants' counsels and Law firms threats toward and against Plaintiff.

3  In early 2022 Plaintiff Nathan Smith sued the defendants Sotheby, Bonhams and

4 Christie's for breach of contract and other causes of action involving the giving of

5 a estimate of value for his diamonds and also involving the selling of the diamonds on the

6 behalf of Plaintiff Nathan Smith. While the action was still pending and pursuant to

7 Civil Code of Procedure 664.6 Plaintiff Nathan Smith settled with the defendants

8 Sotheby, Bonhams and Christie's .This resulted in the Feb 18 2022 email/ settlement/offer

9 of compromise/letter that was signed by both Plaintiff Nathan Smith and the parties

10 counsel Joseph Patella and which was entered into pursuant to California Civil Procedure

11 664.6 which only required the writing or settlement to be signed by the parties or parties

12 counsel which was exactly what occurred during the settlement between Plaintiff

13 3. Nathan Smith and the defendants' counsel Joseph Patella. Plaintiff attempted to get

14 the previous Court to enforce the settlement against the defendants but because the

15 defendants' counsel and law firms illegally forced and threaten Plaintiff into prematurely

16 dismissing his lawsuit , the Court lost the ability to enforce the settlement between the

17 parties because of a lack of subject matter jurisdiction. The Court issued a 4-21-22

18 Order stating that the Court lacked subject matter jurisdiction to enforce Plaintiff's

19 settlement because Plaintiff had dismissed his action on April 10 2022. Plaintiff

20 was forced and threaten into dismissing his case by the defendants' counsels and

21 law firms, otherwise Plaintiff would have gotten the previous Court to enforce the

22 settlement agreement between the parties. Plaintiff in conformity with the settlement

23 agreement dismissed his case against the defendants against the backdrop of the

24 defendants threats and force. Plaintiff had always intended on abiding by the

25 terms of the settlement by dismissing his case immediately in accordance with the settlement.

26 But the defendants illegal threats and forceful conduct making Plaintiff dismiss his

27 case prematurely caused the previous Court to lose subject matter jurisdiction to

28 enforce the settlement between the parties and it also caused Plaintiff harm and damages.

1    4.The  settlement  agreement  also  provided  that  the defendants  Sotheby,  Bonhams  and

2  Christie's would elect  either Sotheby  or  Christie's  or  whomever  could get the best results

3  to  hold  the sale(s)  for  Plaintiff  Nathan  Smith's  diamonds.

4  The  settlement  agreement  also  provided that  the defendants  not  involve the Gia  or

5  Gemological  Institute  of America  in  any of  their  affairs.

6   The  settlement  agreement  also  provided  that the defendants  use the 550 nm absorption

7 band/spectroscopy  and  diamond inclusions  for confirming colored  diamonds .

8 The settlement  also  provided  that Plaintiff  dismiss  his  action against the defendants and that

9 Plaintiff  release  the other  defendant  from their obligations, agreements and commitments to

10 Plaintiff   which were the subject of the previous lawsuit.

11 To  prevent  any  further  misunderstanding  regarding  whether or not the defendants

12 had to sell Plaintiff's  diamonds. Plaintiff  included  a provision in the settlement

13 agreement  that stated  that the defendants  were  required to  elect  either  Sotheby  or

14 Christie's  to  hold the sale(s)  for Plaintiff's  diamonds.

15  Plaintiff  fully complied  with  his  part of the settlement agreement  by  dismissing  his  case

16 that  was  filed  against the defendants.

17  5. Plaintiff  is  not obligated  to  perform  any other actions  under  the terms of the settlement

18 agreement  between the parties. Despite  Plaintiff  having  fulfilled  his  part of the settlement

19 agreement  between the parties . The  Sotheby , Christie's and Bonhams  defendants  have

20 steadfastly  and without  just  cause or legal grounds  refused to  comply  or  abide by the

21 terms of the settlement between Nathan Smith and  defendants  Sotheby, Christie's and

22 Bonhams .

23  The Bonham, Christie's  and Sotheby  defendants  have no  legitimate  legal  reason to  not

24 have complied with the terms of the settlement agreement between the parties.

25 The defendants  did not appeal  the  order  of the Court regarding  the

26 Court  ruling that it lacked  subject matter  jurisdiction to enforce  the settlement

27 agreement  between the parties. This  Honorable Court now  has the subject matter

28 jurisdiction to  enforce the settlement agreement between the parties.

6

1  6.The defendants Sotheby, Bonhams and Christie's breached the settlement agreement

2 between the parties by not contacting Plaintiff regarding the sale of Plaintiff's diamonds

3 and by not holding the sale(s) for Plaintiff diamonds and by forcing Plaintiff to dismiss his case

4 prematurely. Sotheby, Bonhams , and Christie's also breached the settlement agreement

5 between the parties by still involving the Gia in their business affairs.

6 The defendants also breached the settlement agreement between the parties by

7 not using the 550nm absorption band / spectroscopy and the diamonds' inclusions

8 as the process for confirming the colored diamonds.

9 Attached as exhibit "A"  Feb 18 2022 settlement agrement/email/letter/offer of compromise/

10  7. Further more the defendants failure to adhere by the terms of the settlement agreement

11 between the parties has threaten to disrupt Plaintiff's diamond business and sales and

12 has harmed and damaged Plaintiff diamond business reputation , income and

13  business relationships with potential investors and buyers of diamonds.

14  Plaintiff sent a letter to the defendants requesting that the defendants abide by the

15 terms of the settlement agreement between the parties. Plaintiff received no response

16 back from the defendants and therefore Plaintiff had no choice but to commence this

17 current action against the defendants.

18  8.The defendants persisted in their pattern to refuse to hold the sale(s) for Plaintiff's

19 diamonds even after entering into a settlement with Plaintiff whereby they agreed to

20 conduct the sale (s) for Plaintiff's diamonds on Plaintiff's behalf.

21 The defendants also went further in their breach of the Feb 18 2022 settlement

22 agreement when they continued to involve the Gia in their affairs and when they

23 continue to use the Gia 's bogus and fraudulent grading certificates and authentications.

24  Plaintiff promptly filed this action because of the defendants numerous

25 breaches of the Feb 18 2022 settlement agreement between the parties and because of the

27 illegal conduct of the defendants counsels and law firms and the defendants surrounding

28 the Feb 18 2022 settlement between the parties.

1  9.The issue  of whether  or not a settlement  agreement exist between the parties

2 was  heard  and determined by the previous  Court. Both parties  had the right to be heard

3 and a  final determination and ruling /order was issued by the  previous  Court regarding

4 the issue of whether or not their was a settlement agreement  between  the  parties.

5 The previous Court  accepted  Judicial  Notice  of the settlement between the parties and

6 defendants Sotheby,  Bonhams and Christie's  did not object to the previous Court taking

7 judicial  notice  of the settlement between the parties. The defendants  also did not

8 file any response or objection to Plaintiff's request that the Court take judicial notice of

9 Feb 18 2022  settlement  between  the parties. The Court set Plaintiff's  request  for

10 Judicial  Notice  for  hearing .  The defendants  did not file any response or  objection to

11 Plaintiff 's  request that the Court take judicial notice of the settlement  between the parties.

12 The previous Court then issued a order on 4-21-22 stating that the Court  lacked the subject

13 to enforce the settlement between the parties and the defendants also did not appeal  the

14  4-21-22  order of the previous Court  which clearly stated that their was a settlement

17 agreement  between the parties but that the Court lacked  subject matter jurisdiction to

18 enforce the settlement between  the parties  because  Plaintiff had dismissed his case

19 on  4-10-22  which  subsequently  deprived the Court of its ability to enforce  the

20 Feb 18 2002  settlement  agreement  between Plaintiff and defendants  Sotheby, Bonhams

21  and Christie's.   See Attached exhibit "C"  4-21-22 order of the Court

22  10.Plaintiff Nathan Smith suffered  losses and damages  because of the defendants and their

23  counsels  and their counsels' law firms illegal  conduct  that was meant to  prevent Plaintiff

24 from enforcing the Settlement that he had made with the defendants.  Plaintiff also was

25 affected by the defendants illegal conduct because Plaintiff  was  forced into dismissing

26 his complaint prematurely thereby depriving the Court of the ability to Enforce the Settlement

27 between the parties.  Plaintiff was affected by the  all the defendants illegal conduct because

28 the Bonhams , Sotheby's and Christie's  defendants  relied on the illegal advice  and conduct

8

1 of the counsels and counsels law firm who had employed their unlicensed attorney

2 and counsels to threaten and force Plaintiff into dismissing his case prematurely so that

3 the defendants Sotheby's Bonhams and Chrisitie's would not have to abide and adhere

4 to the terms of the Feb 18 2022 settlement agreement that the defendants had entered into

5 with Plaintiff. All the defendants knew that their illegal conducts directed toward Plaintiff

6 forcing him to dismiss his case prematurely and against his will under the threat of harm

7 and sanctions was a material breach of and violation, repudiation and desecration of

8 the terms of the Feb 18 2022 settlement agreement that the parties had enter into

9 during the settlement of the previous action. All the defendants and their counsel and

10 and their counsels respective firms knew full and well that Plaintiff would be affected

11 by the defendants' counsels and law firms illegal conduct and threats of harms against

12 11. Plaintiff because by forcing and threatening Plaintiff into prematurely

13 dismissing his case this would prevent Plaintiff from being able to enforce the settlement

14 between the parties thereby allowing the defendants Sotheby's Bonhams and Christie's

15 the ability to not adhere or abide by the terms of the Feb 18 2022 settlement agreement .

16 All the defendants also attempted to force Plaintiff to dismiss his case with prejudice and

17 this also affected Plaintiff because the defendants knew that if they threaten and forced

18 Plaintiff to dismiss his case with prejudice that Plaintiff would not be able to prosecute his

19 claims against the defendants. Plaintiff suffered damages and losses because of the

20 defendants' counsels and law firms illegal threats and illegal and unlawful conduct against

21 Plaintiff during the previous settlement. Plaintiff suffered damages and losses. All of

22 the defendants illegal conduct had the chilling affect of destroying Plaintiff 's ability to

23 enforce his settlement agreement with the parties and the defendants conduct had the

24 intended affect of preventing Plaintiff from prosecuting his action against the defendants

25 which subsequently caused Plaintiff to suffer enormous damages and losses due to all

26 the defendants and their counsels and their counsels' law firms illegal conduct and threats

27 of harm and sanctions and other illegal conduct against Plaintiff which was meant to

28 affect Plaintiff and unlawfully force Plaintiff into illegally prematurely dismissing his case.

1  12. The defendants and their counsel  and law firms  had to  forsee that Plaintiff would be

2  harmed by the defendants  forcing Plaintiff to prematurely dismiss his lawsuit .

3  The defendants  and their counsel and law firms had to forsee that Plaintiff would

4  be harmed if he could not enforce the settlement agreement between the parties when

5  the defendants and their counsels and law firms threaten and forced  Plaintiff into

6  dismissing his lawsuit prematurely against Plaintiff will and in direct violation of the

7  term of the settlement agreement that had been entered into  amongst the parties.

8  The defendants  and their counsels and their law firms  had to forsee that Plaintiff

9  would be harmed  by the defendants illegal conduct  when the defendants  forced and

10  threaten  Plaintiff into dismissing his lawsuit prematurely because the defendants then

11  used their illegal conduct as a excuse not to abide or adhere to the terms of the

12  Feb 18 2022 settlement agreement that the parties had entered  into.

13  The defendants  and their counsels and law firms had to forsee that Plaintiff would be

14  harmed when the defendants  based on their counsels and their counsels  law firms

15  illegal conduct and advise decided  not to abide by or adhere to the Feb 18 2022

16  settlement agreement that the parties had entered into. All the defendants had to forsee

17  that Plaintiff would suffer enormous losses and damages because of the defendants

18  illegal conduct because the defendants  had to forsee that Plaintiff would be required to

19  file a whole other lawsuit to  enforce the settlement agreement  between the parties

20  because the defendants and their counsels and their counsels' law firm had illegally

21  threaten  and forced Plaintiff  Nathan Smith into prematurely dismissing his lawsuit

22  so that the defendants  could violate and not abide to or adhere to the Feb 18 2022

23  settlement agreement that they  had entered  into  with Plaintiff.  Plaintiff suffered

24  foreseeable harm, losses and damages because of all of the defendants and their

25  counsel and law firms illegally conduct against Plaintiff forcing Plaintiff to dismiss

26  his case prematurely and attempting to force Plaintiff to dismiss his case with prejudice.

27  So  that the defendants  could  refuse to and not abide or adhere to the terms of the

28  Feb 18 2022 settlement/email/letter/offer of compromise that the parties had entered into

with Plaintiff.

1  13. Because of the defendants  and their counsels and their counsels  law firms illegal conduct

2 and threats against Plaintiff  forcing Plaintiff to dismiss his case prematurely and also

3 because of the illegal conduct of the defendants  counsels and law firms advising their

4 clients to threaten and force Plaintiff to dismiss his lawsuit prematurely and also

5 attempting to force Plaintiff to dismiss his lawsuit with prejudice and also based on the

6 fact that the defendants  counsels and law firms illegally advised  the defendants

7 Sotheby's Christie's and Bonhams to violate and not adhere to or abide by the

8  Feb 18 2022 Settlement agreement that the parties had entered into. Plaintiff Nathan Smith

10 was forced to file another lawsuit to enforce the settlement agreement between the parties.

11 The defendants  did not hold the sale(s) for Plaintiff diamonds. The defendants also  did not

12 elect either Sotheby's or Chrisitie's to hold the sale (s) for Plaintiff's diamonds even though

14 the settlement agreement between the parties required the defendants  to hold the sale(s)

15 for Plaintiff diamonds. Plaintiff was going to have the defendants  sell 3  billion dollars

16 worth of diamonds on his behalf and the defendants had agreed in the settlement between

18 the parties to hold the sale (s) for Plaintiff's diamonds.  Plaintiff suffered  damages and losses

19 when the defendants  failed to adhere to or abide by the terms of the settlement agreement that

20 they had entered into with Plaintiff.  The defendants  failed to adhere to or abide by the terms

21 of the settlement  between the parties because of the illegal conduct of the defendants

22 counsels and law firms who had threaten and forced Plaintiff into dismissing his lawsuit

23 prematurely and who had attempted to force Plaintiff to dismiss his lawsuit with prejudice

24 and who also illegally and wrongly advised the Bonhams , Chrisitie's and Sotheby defendants

25 not to abide by or adhere to the terms of the settlement agreement that the defendants had

26 entered into with Plaintiff. Even though the defendants counsels and counsels' law firms

27 were  well aware of the important and relevant fact that they had entered into a settlement

28 with agreement on behalf of the defendants with Plaintiff.

1  14.The defendants and their counsels and counsels law firms illegal actions resulted in

2  Plaintiff not being able to enforce his settlement in the previous Court and thereby having

3  to incur the expenses of filling another lawsuit to enforce the settlement agreement that was

4  entered into between the Plaintiff Nathan Smith and defendants  Sotheby's Christie's and

5  Bonhams ( " the Feb  18 2022 offer of Compromise /email/letter/settlement agreement ")

6  The defendants and their counsels and counsels" law firms illegal conduct and actions

7  forcing Plaintiff to dismiss his case prematurely and the illegal conduct of the defendants

8  and their counsels and their counsels law firms attempting to force and threaten Plaintiff

9  into dismissing his lawsuit with prejudice by using the unlicensed counsel defendant

10  Joseph Patella and co counsel  Benjamin Akley to convey the defendants  vicious threats

11  against Plaintiff which placed Plaintiff in fear and harm and which subsequently caused

12  15. Plaintiff to premature dismiss his lawsuit thereby negating Plaintiff's ability to Enforce

13  his Settlement between the parties.  The illegal conduct of the defendants and their

14  counsel and counsels law firms resulted in the defendants  refusing to abide by or adhere

15  to the terms of the settlement agreement that the defendants had entered into with Plaintiff.

16  The defendants  as part of the settlement agreement had agreed to hold sale(s) for Plaintiff's

17  diamonds. The defendants never held the sale(s) for Plaintiff 's diamonds even though they

18  had agreed to in the settlement that they had entered into with Plaintiff.Plaintiff  suffered

19  damages and losses when the defendants based on the illegal conduct and advise of their

20  counsels and counsels law firm failed to adhere to or abide by the term of the settlement that

21  the defendants had entered into with Plaintiff. Plaintiff was threaten and forced  to adhere to

22  and abide by the terms of the settlement agreement  that the parties had entered into by the

23  defendants counsels and counsels law firms, Plaintiff  was threaten and forced by the

24  defendants counsels  and  counsels' law firms into dismissing his case prematurely thereby

25  depriving Plaintiff of the ability to get the previous Court to enforce the settlement agreement

26  that the parties had entered into.  Plaintiff  suffered losses and damages when the defendants

27 based on the advise and conduct of their counsels and counsels law firms  strong armed and

28  threaten and forced Plaintiff to dismiss his case  prematurely.

1   16. Plaintiff suffered damages and losses in the hundreds of millions of dollars

2 because of the defendants and their counsels and their counsels' law firms illegal conduct.

3 Plaintiff had to expend monies getting the diamonds cut and polished . Plaintiff lost

4 over 1.5  Billion dollars in carat loss cutting the diamonds for the sale(s) that  the

5 defendants Bonhams, Christie's and Sotheby's  had agreed to hold  as result of the

6 settlement that the defendants and Plaintiff had entered into.  The cutting , polishing

7  and faceting of rough diamonds into a polished diamond results in at least  a  seventy

8 percent loss  to the diamond.  If you cut,polish and facet  a 5 carat rough diamond you

9 are going to end up with a finished polished , cut, and facted 2 carat diamond. This is the

10 standard for the industry and the faceting , cutting and polishing of rough diamonds into

11 faceted and polished and cut finished diamonds. Plaintiff also suffered damages and losses

12 due to the fact that Plaintiff  had to also expend monies getting the diamonds cut , faceted

13 and polished and Plaintiff also had to spend monies getting expert reports for the diamonds.

14   17.All of the defendants  also violated Business and Professions Code 16240 because the

15 defendants  aided and abetted  defendants Joseph Patella in the unlicensed business and

16 practice of law in California without a valid license which  is needed for the type of

17 profession that the defendants and defendant Joseph Patella were illegally engaging in

18 when the defendants forced and threaten  Plaintiff into dismissing his previous case

19 prematurely.  The defendants also engaged in the unlicensed and practice of law in the

20 State of New York also. Plaintiff Nathan Smith suffered harm , damages and injuries

21 when the defendants engaged in the violation of Business  and Profession Code 16240.

22 The defendants used their unlicensed business to force and threaten Plaintiff into

23 dismissing his case prematurely. The defendants also used  their unlicensed and illegal

24 business  to illegally and unlawfully participate in Plaintiff's previous lawsuit in a

25 concerted effort to get Plaintiff's case dismissed with prejudice so that Plaintiff would

26 be unable to enforce his settlement with the defendants and so that Plaintiff would be

27 unable to prosecute his action against the Bonhams, Sotheby and Christie;s defendants.

28 The defendants unlicensed business resulted in harm, losses and damages to Plaintiff.

1  18.   THE 4-18-22  DECLARATION OF JOSEPH PATELLA  COUNSEL

2    FOR CONSOLIDATED  DEFENDANTS  BONHAMS, CHRISTIE'S  AND

3  SOTHEBY CONFIRMING THE EXISTENCE  OF THE  FEB 18 2008 SETTLEMENT

4        AGREEMENT/EMAIL/LETTER/ OFFER OF COMPROMISE

5   THAT  HE  SIGNED AND  SENT  AND RESPONDED  BACK TO PLAINTIFF

6         AS   DETAILED  IN HIS  4-18-22  DECLARATION

7  Exhibit "B"  Feb 18 2022 settlement agreement signed by Patella  and sent to Plaintiff

8  At  line  15  of the counsel  for the defendants Joseph  Patella  declaration counsel

9  Patella  clearly  states that " I informed Plaintiff that he should put  any settlement

10  proposal in writing ".

11

12  19. at paragraph  4  counsel  Joseph Patella  declares and states  that"  Later that day

13  Plaintiff  sent me an email with the subject line " Nathan Smith's  Offer  of Compromise"

14  ( the February Offer  ) A  copy of the email /offer to compromise/settlement agreement

15  /letter  is attached hereto  as Exhibit,  Neither I  nor anyone on behalf  of any of the

16  defendants responded to the email.

17

18

19

20    20 .At paragraph 6 of the consolidated  defendants  counsel  Joseph Patella's declaration

21  he states  that " On April  1, 2022  more then one month  after my initial call with

22  Plaintiff  I sent Plaintiff an email.   A copy  of my email  is attached as exhibit B

23

24

25  21. The email that Counsel Joseph Patella sent to  Plaintiff on April 1  was Plaintiff's

27  Nathan Smith  Offer of Compromise/letter /email/settle proposal/settlement agreement

28  that is dated Feb 18 2022 it is signed by both Plaintiff  Nathan Smith   and counsel

1 for consolidated defendants  Bonhams , Sotheby's and Christie's .

2 The Subject and Title of the email/offer to compromise/ settlement agreement/

3 settlement proposal  that counsel  for the defendants  Joseph Patella  sent back

4 signed to Plaintiff  Nathan Smith had was titled  Subject:  Nathan Smith's offer of

5 Compromise.

6 22. It  is the same offer of compromise/settle proposal/settlement agreement/ email /

7 letter that Plaintiff sent to counsel Joseph Patella on Feb 18 2022  and which is

8 the same offer of compromise/settlement proposal/ settlement agreement /email/

9 letter  counsel Joseph Patella returned  sent back with his signature to Plaintiff  and

10 which now contained the signatures of both Plaintiff Nathan Smith and the parties

11 counsel  Joseph Patella who entered into the settlement agreement with Plaintiff

12 on behalf of the consolidated defendants Sotheby's,  Christie's and Bonhams.

13

14

15  23.The Settlement Agreement between the parties was  done pursuant  to California

16 Code Civil Procedure 664.6  which only required  that  the  parties sign the writing.

17  Joseph Patella acting on behalf on the parties for the defendants  signed the writing

18/settlement agreement and Plaintiff signed the agreemen/writing  also thereby making an

19 enforcable and binding settlement agreement between the parties which evidenced in

20 the Feb 18 2022 offer of compromise/settlement proposal/letter/email/ settlement agreement

21/writing that  the parties   or the parties representative counsel Joseph Patella signed along

22 with Plaintiff Nathan Smith.

23

24

25  24.The previous Court also issue an order stating that it lacked the subject matter jurisdiction

26 to enforce the settlement between the parties. The previous Court also took Judicial Notice

27 of the Feb 18 2022  settlement agreement between   the parties which  is the same

28  Feb 18 2022 settlement agreement that was signed by the parties.

1   25.  The defendants  Sotheby, Bonhams  and  Christie's   got  their  law firm  defendants

2  Pyrorcashman LLp  Hunton  Andrews Kurth LLP   and  OLsoff  Cahill  Cossu  LLP

3 and fellow counsels  Benjamin Akley,  Brandon Marvisi,  and  Aimee  Scala  to  get

4 unlicensed  co -counsel  Joesph  Patella  to  threaten  and  force  Plaintiff  Nathan  Smith

5 to prematurely  dismiss  his  previous  case  against the  defendants which  subsequently

6 deprived  the Court of  subject matter jurisdiction to enforce the settlement  between the

7 parties.  Defendant  Joseph Patella  was  not  licensed  to practice  law  in California

8 during the time that he threaten and  forced  Plaintiff to dismiss his case  prematurely.

9  thereby  depriving  Plaintiff of the right to get the Court to  enforce the  settlement  that

10  was  entered  into between  the  parties.  All  the  defendants  were  well aware  of the  fact

11 that Plaintiff  was  going to request that the Court to  enforce the settlement  between the

12 parties . Plaintiff  gave the defendants  sufficient  notice of his intent  to  get the Court

13 to  enforce the settlement between the parties  and  none of the defendants  objected to

14   26.Plaintiff's  notice  informing  the defendants  that he would be filing his motion with the

15  Court  in order to  enforce  the settlement  agreement  among the parties. All  the

16 defendants  were also  aware that  the  parties  had  entered into a  settlement.

17 Despite  these  very  important  facts  being  well  known to  all the  defendants.

18 The defendants  counsel  Benjamin Akley  and  Unlicensed  counsel  Joseph Patella

19 at the directions and  command  of  their defendant  clients Sotheby,  Bonhams  and

20 Christie's and  under the directions and  command  of their  respective  law  firms

21 defendants  Pyrorcashman LLP  Hunton Andrews  Kurth LLP  and  Olosoff  Cahill

22 Cossu LLP proceeded  to  threaten  and force  Plaintiff  Nathan Smith into  dismissing

23 his  lawsuit  prematurely.  The defendants  also  used the threats  of  physical  harm  to

24   27.Plaintiff  if  Plaintiff  did  not  abide by  the  defendants  wishes  and  dismiss his case

25 prematurely. All the  defendants admitted  to the previous  Court that they had threaten

26 Plaintiff  into  dismissing  his  case. The defendants also attempted to get Plaintiff's

27 previous case dismissed with prejudice even though the defendants had settled with

28 Plaintiff. The previous Court struck the defendants bogus motion to dismiss because the

case had already been settled by the parties.

1  28. Even after Plaintiff  agreed to dismiss  his case  in accordance  with the  the settlement

2 agreement  that the parties  had reached.  Both  Benjamin  Akley and  defendant  Joseph

3 Patella  on behalf  of the  their client  defendants Bonhams, Chrisitie's  and Sotheby  and

4 their respective law  firm defendants  still proceeded to threaten and  force  Plaintiff  to

5 dismiss his case  prematurely. The defendants told Plaintiff  that they had the power to

6  still  sanction and punish  Plaintiff  if Plaintiff  dismissed  his case in accordance

7 with the settlement  and not in accordance  with the defendants demands  and threats.

8 The defendants also told Plaintiff that  they had the right and power to dismiss  Plaintiff's

9 case  with prejudice  even if Plaintiff's dismissed his case   in accordance with

10 the settlement agreement  between the parties and even if Plaintiff case was dismissed.

11 29. The defendants attempted to threaten and  force, intimidate, harm , damage, trick

12 sanction and  strong arm  Plaintiff  into dismissing his case with prejudice  by

13 using  their unlicensed counsel defendant Joseph Patella and counsel  Benjamin

14 Akley and their respective law firms to convey their  malicious  threats and  acts

15 of intimidation and threats of potential harm  in order to wrongly and illegally force

16 Plaintiff  to dismiss  his case with prejudice  and to dismiss his case  prematurely.

17 Plaintiff  Nathan Smith dismissed his case. He also dismissed his case prematurely

18 due to the threats of harm, intimidation , force, sanctions, damages and due to the

19 the strong arming  tactics and illegal conduct of the defendants  counsels and

20 law firms. The threats of harm, sanctions, intimidation, coercion  by the defendants

21 placed  Plaintiff in extreme fear  and caused Plaintiff  infinite emotional distress which

22 thereby placed Plaintiff  in distress thereby triggering  and forcing Plaintiff to prematurely

23 dismiss his lawsuit against Plaintiff's free will. Plaintiff Nathan Smith became a

24 slave to the defendants.  He was compelled and forced against his will to do the legal will

25 of the defendants  Bonhams, Christie's and Sotheby  who had instructed their

26 counsels Joseph Patella and Benjamin Akley and their respective firms to enslave

27 Plaintiff 's legal rights and force him into legal enslavement by forcing Plaintiff against

28  his will to dismiss his case   prematurely  under the threats of harm to Plaintiff by defendants.

1 30.The defendants Bonhams , Sotheby and Christie's also got their counsel and their respective

2 law firms to threaten and attempt to force Plaintiff to dismiss his case with prejudice. The

3 defendants used their unlicensed counsel Joseph Patella to convey their threats to Plaintiff

4 that he must dismiss his lawsuit with prejudice. Benjamin Akley also threaten Plaintiff and

5 he also told the previous Court that he instructed unlicensed counsel Joseph Patella to

6 convey the defendants threats to Plaintiff and that he also conveyed the same threats

7 to Plaintiff. All of the defendants were well aware of the fact that the parties had reached

8 a settlement. All of the defendants had a copy of the settlement agreement that their counsel

9 had signed because counsel Joseph Patella and Plaintiff had provided all the defendants

10 with a copy of the settlement that the parties had agreed to. All defendants were well

11 aware of the terms of the settlement agreement with Plaintiff. Nothing in the settlement

12 agreement stated that Plaintiff had to dismiss his case with prejudice. Also nothing in the

13 settlement agreement with the defendants stated that Plaintiff needed to dismiss his case

14 in accordance with the illegally threats and demands of the defendants or prematurely.

15 31. The terms of the settlement only stated that Plaintiff dismiss his case immediately once

16 the defendants agreed to elect either Sotheby or Bonhams to hold the sale(s) for Plaintiff's

17 diamonds. The defendants forced Plaintiff to dismiss his case prematurely even though

18 the defendants have yet to tell Plaintiff which defendant is going to be holding the

19 sale(s) for Plaintiff's diamonds. The terms of the settlement strictly stated that Plaintiff

20 would dismiss his case immediately once the defendants elected either Sotheby or Christie's

21 are whomever could do the best job as the one to hold the sale (s) for Plaintiff's diamonds and

22 that In exchange , Plaintiff would immediately dismiss his case against all the defendants.

23 32.Instead of the defendants abiding by the terms of the settlement agreement . Plaintiff

24 Nathan Smith was forced and threaten by defendants Sotheby, Christie's and Bonhams

25 through their law firm defendants and counsel Benjamin Akley and defendant Joseph

26 Patella who was engaging in the unlicensed practice of law in California with the aid

27 of all of the defendants Plaintiff dismiss his case prematurely thereby depriving the previous

28 Court from having subject matter jurisdiction to enforce the parties settlement agreement.

1 33. In order to avoid further litigation the parties settled the matter as evidenced in the Court's

2 order of 4-21-22 and the parties settlement agreement. Upon the signing of the settlement

3 agreement by the parties the agreement of Feb 18 2022 became legally binding and enforcable

4 upon the parties. Plaintiff Nathan Smith agreed to dismiss all the defendants from the

5 lawsuit entitled Nathan Smith vs Chrisitie's et al 2:22-cv-00279. The defendants

6 Sotheby's Bonhams, and Chrisitie's agreed to elect either Sotheby or ███████ to hold

7 the sale(s) for Plaintiff's diamonds or whomever could do the best job and Plaintiff would

8 immediately dismiss his lawsuit against the defendants. The defendants also agreed not

9 use the Gia in any of their affairs. The defendants also agreed to use the 550nm absorption

10 spectrum and the diamonds inclusion to authenticate the diamonds that the defendants were

11 going to be selling or auction at their businesses or establishments. In exchange as

12 consideration for the defendants agreeing to these terms Plaintiff Nathan Smith agreed

13 to immediately dismiss his action that he had filed against all of the defendants. A true and

14 correct copy of the settlement and the 4-21-22 order of the Court are attached to this

15 complaint as Exhibit A.

16 34.Defendants counsel Joseph Patella signed the settlement agreement on behalf of the

17 consolidated defendants Sotheby, Bonhams and Christie's. The settlement agreement

18 agreement between the parties was done pursuant to California Code of Civil Procedure

19 664.6 which authorizes the counsel for the parties to sign the settlement agreement on

20 behalf of the parties.

21 35. All of the defendants were made aware of the settlement agreement between Plaintiff

22 and the defendants. Despite being made fully aware of the settlement the defendants

23 through their counsels and counsels law firms threaten and forced Plaintiff to

24 prematurely dismiss his lawsuit against his will. This subsequently deprived the previous

25 Court of subject matter jurisdiction to enforce the settlement agreement that Plaintiff had

26 made with the defendants and this subsequently forced and caused Plaintiff to have to file

27 this current action suing the defendants for Breach of Contract and numerous other

28 causes of action because of the illegal conduct of their lawyers and the defendants.

1 36.The defendants  Sotheby, Christie's and Bonhams  have refused to  abide by any  of

2 the terms of the settlement agreement that they have with Plaintiff.

3 Worse yet  with full knowledge that Plaintiff dismissed his action against all of

4 the defendants. They still  have not contacted Plaintiff regarding holding the sale(s)  for

5 Plaintiff's diamonds. The defendants   threatened and forced Plaintiff to prematurely

6 and against his will to  dismiss his lawsuit.  The defendants  are still using the gia in

7 their affairs  and the defendants are not using the 550nm absorption spectrum and

8 diamond inclusions to authenticate  the diamonds  that they are selling or auction at their

9 businesses.  The settlement agreement between Plaintiff and the defendants  clearly

10 stated that the defendants  were  to abide by these terms and the defendants also

11 agreed to  abide by the terms of the settlement when their counsel  Joseph Patella

12 signed the settlement agreement on behalf of the consolidated defendants Sotheby

13 37. Bonhams and  Chrisitie's pursuant  to  California Code  Civil  Procedure  664.6.

14 Once  counsel for the consolidated  defendants  Joseph Patella  signed and sent

15 the Feb 18 2022  offer of compromise back to  Plaintiff  Nathan Smith  the defendants

16 Sotheby's  Christie's and  Bonhams  were  binded by the terms of the Feb 18 2022

17 signed settlement /letter/email/offer of compromise and surely once the previous

18 Court issued an order that  the Court lack the subject matter jurisdiction to enforce

19 the settlement between the parties and based on the fact that the parties  had been

20 given ample notice and time to  be heard by the  previous Court  and  based on the

21 fact that the Court heard the defendants  arguments that their was no settlement

22 agreement between the parties and  also  despite the fact that the defendants  did

23 not object or file any opposition to Plaintiff's request that the Court take judicial

24 notice of the settlement agreement between the parties and coupled with the Order

25 of the previous Court that the lack the subject matter jurisdiction to enforce the settlement

26 between the parties. Also the Court took judicial notice of the parties settlement  agreement

27  when it set  a hearing for Plaintiff's request for judicial notice. Counsel  Joseph Patella

28 also gave a sworn declaration to Court that he mailed the signed offer of

compromise/letter/email/settlement agreement  to Plaintiff on 4-1-22.

1    38.Once  the counsel  for the defendants  Joseph Patella  sent the signed  offer of compromise

2    /letter/email /settlement agreement back to Plaintiff on 4-1-22 the defendants and their

3    counsels  and their counsel respective law firms would have had no right to  threaten  or

4    force Plaintiff  Nathan Smith  do anything that was not in accordance with the terms   of the

5    settlement agreement that the parties had enter into and agreed to.  The terms clearly stated

6    that Plaintiff would immediately dismiss his action once the defendants elected Sotheby

7    or Chrisitie's  to  hold the sale(s) for Plaintiff diamonds. The defendants   and their counsels

8    and counsel's respective law firms  threaten and forced Plaintiff to prematurely dismiss his

9    lawsuit even though the defendants  had not elected  Sotheby or Christie's  are whomever

10   who could do the best job out both them to hold the sale (s) for Plaintiff's diamonds.

11   39.  The defendants also  failed to hold the sale(s) for Plaintiff's  diamonds.

12   The defendants also continued additional  bogus litigation against Plaintiff

13   in a  concerted  effort to get Plaintiff's case dismissed with prejudice even though

14   the defendants and their counsels and their counsels' respective law firms were all

15   well aware of the fact the defendants Sotheby's Christie's  and Bonhams had settled

16   the lawsuit with Plaintiff through the counsel of the consolidated defendants Joseph

17   Patella but despite  knowing these relevant facts the defendants still attempted to

18   get Plaintiff's  case dismissed with prejudice but the previous Court  stricken the

19   defendants bogus motion to dismiss  that the defendants  counsel filed on their

20   behalf despite knowing full well that their clients had settled with Plaintiff.

21   40. The defendants also continued to use the gia in their affairs. The defendants also

22   continued to use the gia bogus certificates. All of the above actions of the defendants

23   and their counsels and their counsels' respective law firms were a breach of the terms

24   contained in the settlement agreement between the parties. Plaintiff was only binded

25   by the terms of the settlement agreement that the parties had entered into. The defendants

26   and their counsels and their counsels" respective law firms all threaten and forced Plaintiff

27   into abiding by terms that were not set forth in the agreement that Plaintiff had entered into

28   with the defendants  when all of the defendants  threaten and forced Plaintiff to dismiss his

case prematurely thereby depriving Plaintiff of the right to get the Court to enforce the Feb 18

2022 settlement  that was signed  and  entered into and agreed to by Plaintiff and the defendants

1  41. The defendants also got their counsel to attempt to get the Court to declare Plaintiff a

2  vexatious litigant and the defendants got their counsel to illegally request sanctions against

3  Plaintiff while along knowing that the defendants had settled with Plaintiff. After informing

4  Plaintiff that they would only object to Plaintiff's motion to enforce the settlement agreement

5  if he mischaracterize the settlement agreement between the parties. The defendants and their

6  counsels and counsels ' law firm still filed a opposition to Plaintiff's motion to enforce the

7  settlement between the parties. The defendants wrongly told the Court that their was no

8  evidence of a settlement between the Plaintiff and the defendants even though all the

9  defendants and their counsels and their counsels' respective law firms were certainly in

10  possession of the offer of compromise/letter/email/settlement agreement that counsel

11  for the defendants stated in his email he signed and sent back to Plaintiff on 4-1-22.

12  42. Benjamin Akley also stated to the previous Court in his declaration that he also received

13  notice and a copy of the settlement /email/letter /offer of compromise dated Feb 18 2022

14  that counsel Joseph Patella had signed and sent back to Plaintiff on 4-1-22. So the defendants

15  and their counsels and their counsels' respective firms all lied when they told the previous

16  Court that their was no settlement agreement between Plaintiff and the defendants.

17  Despite the defendants and their counsels filing the bogus motion to dismiss and bogus

18  opposition to Plaintiff's motion to enforce the settlement between the parties the previous

19  Court still ruled and issued an order stating that it lacked the jurisdiction to enforce the

20  settlement agreement between the parties because Plaintiff had dismissed his lawsuit.

21  Plaintiff was threatened and forced by the defendants and their counsel and their

22  counsel respective law firms to dismiss his lawsuit prematurely this caused damages

23  and harm to Plaintiff and Plaintiff was required to spend more money in order to

24  file another lawsuit to enforce the settlement agreement between the parties via

25  a Breach of Contract cause of action. Plaintiff also suffered damages because

26  43. Plaintiff had to hire additional experts and Plaintiff incurred other damages

27  because Plaintiff sent his diamonds to a reputable lab for additional testing and

28  this also costed Plaintiff money and damages were incurred by Plaintiff.

1 44. Plaintiff also suffered monetary damages and losses when the defendants fail to adhere

2 to the terms of the Feb 18 2022 settlement agreement /offer of compromise/email/letter

3 that was signed by both parties. The previous Court ruled it lacked the jurisdiction to enforce

4 the settlement because Plaintiff had dismissed his lawsuit thereby depriving the Court of

5 subject matter jurisdiction over the parties settlement agreements. Plaintiff lost potential

6 profits that would have resulted from the sale of the diamonds because the price  of

7 pink diamonds have increased by significant value and Plaintiff was going to have the

8 defendants sale his 94.5 carat pink diamond and his 252 carat pink diamond both of these

9 diamonds  are worth hundreds of millions of dollars and would have generated millions

10 of dollars in profits if the defendants would have adhere to the term of the settlement

11 agreement between Plaintiff and the defendants. Plaintiff was also going to be selling

12 3 billion dollars worth of diamonds through the defendants auctions and show rooms and

13 sales and Plaintiff was to receive an enormous profit off the sale of these diamonds but

14 because of the defendants failure to adhere to the terms of the settlement agreement

15 45. Plaintiff lost these profits.Plaintiff was unable to realize the value of profits from

16 his diamonds. Plaintiff lost money and suffered damages when the defendants failed

17 to elect either Sotheby's or Christie's to hold the sale(s) for Plaintiff's diamonds even

18 though they had agreed to according to the term of the settlement between Plaintiff and

19 the defendants. Plaintiff also suffered damages when the defendants counsels and

20 respective law firms advised the defendants to not  abide by the terms of the Feb 18 2022

21 agreement/letter/email/offer of compromise that the defendants counsel signed and

22 sent back to Plaintiff on 4-1-22  because the defendants  decided not to abide by

23 the terms of the  Feb 18 2022 settlement agreement between the parties  and this resulted

24 in the defendants not holding the sale(s) for Plaintiff's diamonds which subsequently

25 resulted in sufficient damages and losses being incurred by  Plaintiff  because of the

26 defendants counsels and respective law firms encouraging and aiding and abbeting

27 their client in the breach of the Feb 18 2022 settlement agreement that the defendants

28 had entered  into with Plaintiff.

1 46. Plaintiff also suffered damages and losses when the defendants Bonhams, Chrisitie's and

2 Sotheby and their counsels and respective firms threaten and forced and intimidated

3 and tricked Plaintiff into dismissing his lawsuit prematurely thereby depriving the previous

4 Court of the ability to enforce the settlement agreements between the parties. The defendants

5 used these illegal actions as a excuse to not adhere to the settlement terms of the

6 Feb 18 2022 agreement between the parties. The defendants knew that by forcing

7 Plaintiff to prematurely dismiss his lawsuit. Plaintiff would not have the ability to

8 enforce the settlement agreement that Plaintiff had with the defendants. The defendants

9 then proceeded to ignore and not adhere to the Feb 18 2022 settlement agreement that was

10 agreed to by the parties. The defendants did not elect Sotheby or Christie's to hold the

11 sale(s) for Plaintiff diamonds even though the defendants threaten and forced Plaintiff

12 to prematurely dismiss his lawsuit thereby receiving consideration from Plaintiff and

13 thereby forcing Plaintiff to adhere to his part of the settlement while the defendants

14 did not have to adhere to theirs. As direct result the sale of Plaintiff's diamonds never

15 occurred and Plaintiff loss and suffered millions of dollars in potential profits. Plaintiff

16 also had to spend money to file another lawsuit to remedy the defendants breach of contract

17 and other illegal conduct against Plaintiff. Plaintiff suffered losses and damages because

18 Plaintiff never received the proceeds from the sale of his diamonds. Because the defendants

19 counsels and law firms instructed the defendants Sotheby Christie's and Bonhams not to

20 hold the sale(s) for Plaintiff's diamonds even though the defendants counsel knew that the

21 defendants had entered into settlement agreement with Plaintiff. The counsels and law firms

22 for the Sotheby, Christie's and Bonhams defendants also wrongly advised their clients not

23 to abide by or adhere to the Feb 18 2022 settlement/letter/email/offer of compromise that

24 was signed and sent to Plaintiff on 4-1-22 by counsel for the defendants Joseph Patella who

25 also gave a sworn declaration to the previous Court stating that he had sent the signed

26 offer of compromise back to Plaintiff via email on 4-1-22. Despite knowing that Joseph

27 Patella had settled the action on behalf of the consolidated defendants the defendants

28 counsel and law firms still encouraged the Sotheby's Bonhams and Christie's not to abide

1  47.by the terms of the Feb 18 2022 settlement agreement that the parties had enter into.

2 Plaintiff suffered losses and damages when he  threaten and forced to dismiss his case

3 prematurely. Plaintiff also suffered damages when the counsels and law firms for the

4 Sotheby's Christie's and Bonhams convinced the defendants not to abide by the terms of

5 the settlement because Plaintiff lost the potential profits from the sale and Plaintiff had to

6 spend monies prepping the diamonds for the sale. Plaintiff also suffered damages and losses

7 because Pink diamonds have increased enormously in value and Plaintiff stood to make

8 millions of dollars in additional profits from the sale of his diamonds by the defendants.

9  Plaintiff also suffered damages and losses because of the illegal actions of the defendants

10 counsels and law firms when they advised the defendants to not elect Sotheby's or

11 Christie's to hold the sale(s) for Plaintiff diamonds due to the fact that Plaintiff had already

12 spent monies prepping for the sales  and Plaintiff had additional diamonds cut for the

13 defendants to sell  and these caused Plaintiff to lose hundreds of millions of dollars in

14 diamond carats due to loss that is incurred during the cutting of diamonds. You get 2 carats

15 for every 5 carats of diamonds that you cut. So to cut a  252 carat pink diamond you would

16 lose 358 carats or more because the stone would have to be at least 600 carats in order to

17 cut a 252 carat diamond. So Plaintiff lost literally hundreds of millions and potentially billions

18 of dollars in diamonds and profits when he  had the stones cut for the sale(s) that the

19 defendants had agreed to hold based on the terms of the settlement agreement  between

20 the parties. Plaintiff lost and suffered hundreds of millions of dollars in damages when

21 the defendants counsels and law firms wrongly advise the defendants that they had no

22 settlement agreement with Plaintiff thereby convincing the defendants not to adhere to

23 or abide by the Feb 18 2022 settlement agreement that made with Plaintiff.  Plaintiff also

24 suffered losses and damages when the defendants and their counsels and their law firms

25 threaten and forced and intimidated and tricked Plaintiff into dismissing his lawsuit

26 prematurely because Plaintiff no longer had the ability to enforce the settlement that he

27 had made with the defendants and this caused Plaintiff to incur damages and monetary losses

28 because Plaintiff had to file a new lawsuit to enforce the Feb 18 2022 settlement agreement

that all the parties including the Sotheby's Bonhams and Christie's defendants had agreed to.

1 48. Plaintiff also suffered damages and losses when the defendants counsels and laws firms

2 and the defendants hired unlicensed counsel Joseph Patella to threaten and force Plaintiff

3 to dismiss his lawsuit with prejudice even though the defendants had already settled with

4 Plaintiff and even though counsel Joseph Patella was not licensed to practice law in the

5 State of California and had no legal right to threaten or force Plaintiff to do anything

6 regarding his lawsuit that he had filed against the defendants. Counsel Joseph Patella

7 was also well aware of the fact the defendants had settled with Plaintiff because he was

8 the one who sent the signed offer of compromise/email/letter /settlement agreement back

9 to Plaintiff on 4-1-22. Plaintiff as a direct result of the threats made to Plaintiff by counsels

10 Benjamin Akley and Joseph Patella on behalf of their clients and their respective firms.

11 49. Plaintiff out of fear of being harmed by the defendants counsels, law firms and defendants

12 prematurely dismissed his case against the defendants. Plaintiff suffered losses and damages

13 because of the defendants illegal conduct forcing and threatening Plaintiff into prematurely

14 dismissing his lawsuit even though these were not the terms of the settlement that the parties

15 had agreed to in the Feb 18 2022 settlement agreement between the parties. The defendants

16 counsels and law firms also illegally encouraged their clients the Sotheby's Christie's and

17 Bonhams to not adhere to the settlement agreement between Plaintiff and the defendants

18 50.Sotheby's Christie's and Bonhams. Plaintiff suffered losses and damages because of the

19 illegal advice and conduct of the defendants counsels and counsels law firms because

20 the defendants relied on their counsels bogus and illegal advice that encouraged them

21 not to abide by or adhere to terms of the settlement agreement that they had entered into

22 with Plaintiff this resulted in the Bonhams , Christie's and Sotheby's defendants not

23 abiding by the term of the Feb 18 2022 settlement agreement that the Plaintiff and the

24 defendants had entered into and subsequently resulted in the defendants failing to hold the

25 51. sales (s) for Plaintiff diamonds and it resulted in the defendants failing to adhere to and

26 abide by the terms of the settlement agreements between the parties. Plaintiff suffered

27 enormous losses and damages when the defendants refused to abide by the terms of the

28 settlement that they had entered into with Plaintiff based on the counsels and firms bad legal

advice and encouragement that the defendants not abide by the terms of the settlement.

1                    RIGHT TO DECLARATORY RELIEF

2

3  52.Plaintiff incorporates  referenced paragraphs 1 through 63  though as fully setforth herein

4   Plaintiff  Nathan Smith  is entitled to declaratory relief under  28 U.S.C. 2201

5  based on the defendants  Sotheby's  Christie's and Bonhams  repeated material

6 violations of the  Settlement Agreement. ( Feb 18  2022  offer of compromise/email/letter/

7   settlement agreement between the parties in case # 2:22-cv-00279 )

8

9      The defendants  Bonhams,  Christie's  and  Sotheby's  materially violated by failing

10  to adhere to or abide by the terms of the Feb 18 2022 Settlement  Agreement that was

11 entered into between the parties and which is the same Settlement Agreement that the

12 previous Court issued  an order stating that  the Court lacked the subject matter

13 jurisdiction to Enforce the Settlement because Plaintiff had dismissed his action on

14  4-10-22 thereby depriving the Court of the ability to enforce the settlement between the

15 parties. A judicial declaration of the respective rights and obligations of the defendants

16 and Plaintiff is necessary and proper.

17                    RIGHT TO INJUNCTIVE RELIEF

18

19 53.  Plaintiff incorporates referenced paragraphs 1 through 63  as though fully set forth herein.

20    Plaintiff Nathan Smith  is entitled to injunctive relief . The defendants Sotheby's

21 Chrisitie's  and Bonhams  material violations of the Feb 18 2022 settlement agreement

22 are clear and continuing.

23     Plaintiff has  suffered damages and losses and harm to his business, reputation in

24 the diamond trade, his diamonds and losses in the hundreds of millions of dollars  and

25 also millions of dollars in profits from the sale of the diamonds if the sales would have

26 been conducted by the defendants.  Plaintiff is unable to fund his ventures.

27 The defendants actions are also harming Plaintiff's diamond business and

28 ability to sell his diamonds in the diamond market.

1  54.  Plaintiff is being harmed financially  and Plaintiff reputation in the diamond business

2 is being put into jeopardy and called into question because Plaintiff has already informed

3 certain potential buyers and investors  that  one of the defendants  would be holding

4 sale(s)  for Plaintiff's diamonds.  Plaintiff expended and lost millions of dollars preparing

5 for the sale (s). Plaintiff dismissed his previous action and fulfilled his obligations under the

6 terms of the Feb 18 2022 settlement agreement  and Plaintiff is now being harmed and is

8 suffering damages and losses because the defendants have  habitually materially breached

9 the terms of the settlement agreement that was entered into between the parties. The

10 defendants  have persistently continued  to refuse to adhere to or abide by the terms of

11 the  settlement agreement.  Defendants and their counsels and counsels law firms

12 threaten and forced  Plaintiff to dismiss his previous lawsuit prematurely so that

13  55.Plaintiff would have no means  or way to enforce the settlement agreement  that was

14 entered into between the parties. Defendants  forced Plaintiff to have to commence the

15 present litigation without injunctive relief from this Honorable Court  requiring the

16 defendants  Sotheby's Bonhams and Christie's  to adhere to and abide by the terms

17 of the Feb 18 2022 settlement agreement that Plaintiff and the parties entered into.

18 Plaintiff Nathan Smith has no adequate remedy at Law.

19 56. Defendants Sotheby's  Christie's  and  Bonhams wont  be harmed from simply by

20 the issuance of the injunction. The defendants had a opportunity to fully and fairly

21 litigate and defend against Plaintiff's  claims  but the defendants  chose to enter into

22 a Settlement Agreement instead. An injunction simply  would require the defendants

23 Bonhams,  Christie's and Sotheby's  to abide by  Feb 18 2022 settlement agreement/

24 email/letter/offer of compromise that was signed by both Nathan Smith and counsel

25 for the consolidated defendants  Joseph Patella who also informed the previous

26 Court in a sworn declaration that he advised Plaintiff to send the settlement agreement

27 to him and that on 4-1-22 he mailed the  offer of compromise/settlement agreement

28/email/letter containing both Plaintiffs and Joseph Patella signatures back to Plaintiff.

1 57. The issuance of the injunction will only require the defendants Christie's Bonhams and

2 Sotheby's to abide by the Settlement Agreement from which all the defendants has reaped

3 substantial consideration from Plaintiff who was forced and threaten in to prematurely

4 dismissing his previous case by the defendants, counsels and their counsels law firms

5 thereby preventing Plaintiff from using the previous Court to enforce the settlement agreement

6 that was entered into between the parties. The previous Court ruled that it lacked the

7 subject matter jurisdiction to enforce Plaintiff's settlement with the defendants because

8 Plaintiff had dismissed his case thereby depriving the Court of its power to enforce

9 the settlement amongst the parties because the Court lack the subject matter jurisdiction

10 to enforce the settlement between the parties.

11

12 58. PLAINTIFF NATHAN SMITH MADE AN OFFER TO DEFENDANTS SOTHEBY'S

13 CHRISTIE'S AND BONHAMS IN HIS FEB 18 2022 FEBRUARY OFFER WHICH IS

14 EXACTLY WHAT COUNSEL JOSEPH PATELLA STATED THAT HE RECEIVED

15 FROM PLAINTIFF. COUNSEL JOSEPH PATELLA COUNSEL FOR THE

16 CONSOLIDATED DEFENDANTS ACCEPTED PLAINTIFF'S FEBRUARY OFFER/

17 PROPOSAL THAT HE TOLD PLAINTIFF NATHAN SMITH TO SENT TO HIM

18 ON FEB 18 2022 .IT WAS SIGNED BY THE DEFENDANTS COUNSEL JOSEPH

19 PATELLA AND THEM SUBSEQUENTLY SENT BACK TO PLAINTIFF NATHAN

20 SMITH THEREBY CREATING THE ENFORCEABLE SIGNED FEBRUARY 18 2022

21 SETTLEMENT AGREEMENT/OFFER OF COMPROMISE/EMAIL/LETTER/

22 PROPOSAL THAT COUNSEL JOSEPH PATELLA TOLD PLAINTIFF TO SENT TO

23 HIM ON FEB 18 2022 AND THAT WAS SUBSEQUENTLY SIGNED AND RETURNED

24 BACK TO PLAINTIFF WHICH IS THE SAME SETTLEMENT AGREEMENT THAT

25 THE PREVIOUS COURT RULED IT LACKED THE SUBJECT MATTER

26 JURISDICTION TO ENFORCE BECAUSE PLAINTIFF HAD DISMISSED HIS

27 LAWSUIT PREMATURELY BECAUSE OF THE DEFENDANTS, THEIR COUNSELS

28 AND THEIR COUNSELS LAW FIRMS THEATS AGAINST PLAINTIFF.

1  59. Defendants  also  told the previous Court that they requested that Plaintiff cut and

2  polish his diamonds  before the defendants would be willing to sell them. Plaintiff

3  suffered damages and losses and lost hundreds of millions of dollars in carats  of

4  diamonds when the defendants  Bonhams, Christie's  and Sotheby's  requested that

5  Plaintiff cut and polish his diamonds  before the defendants  would sell Plaintiff's

6  diamonds.

7  60.Plaintiff  's contract  is enforcable under California  Commercial  Code see Cal  Civ Code

8  2201 .. The settlement agreement was signed by both parties and the defendants  also told

9  the previous Court that Plaintiff's  contract was in excess of  $900,000,000 million dollars.

10   Plaintiff Nathan Smith was told by the defendants that they had settled the case and that

11  Plaintiff  as part of the settlement agreement had to dismiss his case with prejudice. The

12  defendants knew full and well that this statement was false because the settlement agreement

13  actually stated that Plaintiff would dismiss his case immediately after the defendants elected

14  either Sotheby's  or Christie's  to hold the sale (s) for Plaintiff's diamonds.  The settlement

15  also did not require Plaintiff to dismiss his case with prejudice even though the defendants all

16  told Plaintiff that he had to dismiss his case with prejudice.   All defendants  knew that

17  by forcing and threaten Plaintiff Nathan Smith into dismissing his case prematurely and

18  also attempting to get Plaintiff to dismiss his case with prejudice that this would deny

19  Plaintiff the ability to enforce the settlement agreement between the parties. The defendants

20   forced and threaten Plaintiff into dismissing his previous case prematurely in order to allow

21  61. the defendants not abide by or adhere to the settlement agreement that the defendants had

22  entered into with Plaintiff.  Plaintiff was unable to enforce his settlement agreement  against

23  the defendants because of the defendants misleading and lying and forcing and threatening

24  Plaintiff into dismissing his case prematurely. Plaintiff relied on the all the defendants

25  statements that they would abide by and adhere to the settlement agreement that the

26  defendants had entered into with Plaintiff and this along with the threats from defendants

27  against Plaintiff convinced and forced Plaintiff to dismiss his case prematurely.

28   Plaintiff suffered damages and losses because of the false statements to Plaintiff which forced

and tricked Plaintiff into dismissing his previous action prematurely.

1  62. The defendants Sotheby's Christie's and Bonhams  became Plaintiff's Nathan Smith's

2  agents   for the sale of his diamonds when they agreed in the Feb 18 2022  settlement

3  agreement to sell Plaintiff's  diamonds. The  defendants  allowed their counsel  to  interfer

4  with the contract and agreement that the defendants  had with Plaintiff. The defendants also

5  allowed their counsels  and counsels Law firms to threaten and force Plaintiff into dismissing

6  his case prematurely even though the defendants  knew full and well that Plaintiff  had planned

7  on using the previous Court's  jurisdiction  to enforce the settlement agreement between the

8  parties. Despite knowing all of the above the defendants still got their counsels to threaten

9  and force Plaintiff to dismiss his previous case prematurely thereby preventing Plaintiff from

10 being able to get the previous Court to enforce the settlement agreement between the parties.

11 Plaintiff  was forced to fight a whole other lawsuit just to enforce his settlement agreement

12 between the parties because of the defendants actions.  The defendants also allowed their

13 unlicensed counsel to practice law in california unlicensed and  to participate in

14 63.Plaintiff's case in a concerted effort to get Plaintiff's case dismissed with prejudice even

15 though all the defendants were well aware of the fact that the defendants had entered into

16 a settlement agreement with Plaintiff and therefore all the defendants and their counsels and

17 their counsels  law firms actions and  illegal conduct directed at Plaintiff were material

18 breaches and violations of the settlement agreement. All the defendants  were well aware

19  of the fact  that a  settlement agreement had been entered into between  Plaintiff  and

20 defendants  Bonhams, Christie's and Sotheby's.  Despite knowledge of these very relevant

21 and important facts the defendants and their counsel still forced Plaintiff to dismiss his

22 previous case prematurely and the defendants also attempted to get Plaintiff's case

23 dismissed with prejudice even the defendants had already settled with Plaintiff and

24 the defendants illegal actions were all in material breach and violation of the settlement

25 agreement that  the parties had been entered into amongst the parties.

26

27

28

1           FIRST CAUSE OF ACTION

2           ( Breach of contract against defendants Sotheby's Christie's and Bonhams)

3

4 Plaintiff  refers  to and re-alleges each and every allegation contained in 1 through 63

5 inclusive , above , as if set  forth in

6

7  The Settlement Agreement /Email/Offer of Compromise/ Settlement Proposal/Letter of

8 Feb 18 2022  provides inter alia  that it is binding upon and inure to the benefit  of the

10 parties  and their respective heirs and assigns.

11

12  Plaintiff  Nathan Smith  has performed all his obligations  and satisfied all conditions

13 to be satisfied by him under the Settlement Agreement between Plaintiff Nathan Smith

14 and consolidated defendants  Sotheby's  Bonhams and Christie's  except as  his performances

15 and satisfaction  are excused  by reasons of the defendants  breaches

16

17 The Bonhams, Christie's and Sotheby's  defendants  have breached , or anticipatory breached

18 or both the Feb 18 2022 Settlement Agreement/ Offer of Compromise/Letter/Email/

19  February Offer/settlement proposal  that was sent to the defendants counsel Joseph Patella

20 by Plaintiff and which was subsequently signed by the  consolidated defendants attorney

21 Joseph Patella and subsequently sent back to Plaintiff thereby creating the signed and

22 binding and and enforcable Feb 18 2022 Settlement agreement which is the subject of

23 Plaintiff's  current lawsuit.

24

25 by refusing to abide by  or adhere to any of the terms of the Feb 18 2022 Settlement

26 Agreement that was entered into amongst the parties and by threaten and forcing Plaintiff

27 to dismiss and lawsuit prematurely and by all of the defendants and their counsels and

28 counsels' law firms attempting to have Plaintiff's case dismissed with prejudice even though

 the defendants had already settled  the matter with Plaintiff.

1  As a direct and proximate result of the defendants breaches. Plaintiff Nathan Smith

2 has sustained damages and will continue to sustain damages in an amount not presently

3 fixed but believed to exceed $3,000,000,000 billion dollars.

4

5

6                    ( SECOND CAUSE OF ACTION)

7            (For Promissory Fraud (False Promise) against all defendants

8

9    Plaintiff refers to and re-alleges each and every allegation contained in paragraphs

10  1 through 63 inclusive, above, as if set forth herein

11

12  At the time counsel Joseph Patella entered into the settlement agreement on behalf

13 of the defendants Bonhams, Christie's and Sotheby's he was acting as counsel for the

14 consolidated defendants Bonhams, Chrisitie's and Sotheby's and also working at the

15 instruction of the other co-counsels and defendant law firms.

16

17

18 Defendants Bonhams, Sotheby's and Christie's entered into the Settlement Agreement

19 with Plaintiff on April 1 2022. Plaintiff sent the settlement agreement to the defendants

20 counsel Joseph Patella on Feb 18 2022 and counsel Joseph Patella signed and returned the

22 Settlement Agreement back to Plaintiff on April 1 2022. This created a binding and

23 enforcable contract/settlement agreement between Plaintiff Nathan Smith and defendants

24 Sotheby's Christie's and Bonhams. (The Feb 18 2022 Settlement Agreement)

25

26 The Sotheby's Chrisitie's and Bonhams defendants entered into the Settlement

27 agreement with Plaintiff with the intentions of deceiving Plaintiff Nathan Smith

28 into believing

33

1  Defendants  Sotheby's Chrisitie's and Bonhams would  abide by and adhere to  all of the

2 terms of the Feb 18 2022 Settlement Agreement that the parties had entered into.

3

4 Plaintiff  Nathan Smith was threaten and forced by the defendants and their counsels and

5 their respective counsels law firms into dismissing his case prematurely. All of the defendants

6 also attempted to wrongly get Plaintiff's previous lawsuit dismissed with prejudice even though

7 the defendants and their counsels and their counsels respective laws firms were all aware of

8 the relevant and important fact  that the defendants had settled the case with Plaintiff.

9

10

11  The representations made by defendants Sotheby's Christie's and Bonhams and their

12 counsels and counsels'  respective firms were all false  at the time they were made to

13 Plaintiff. All of the defendants  knew the statements that they were making concerning

14 the settlement agreement that was entered into between the parties were false and

15 they were made for the purpose of  inducing  Plaintiff Nathan Smith into prematurely

16 dismissing his case thereby preventing Plaintiff from being able to get the previous

17 Court to enforce the settlement agreement that was entered into amongst the parties.

18 It also allowed the defendants  Sotheby's Christie's and Bonhams to materially

19 breach and violate the terms of the Feb 18 2022 settlement agreement that they

20 had entered into with Plaintiff  Nathan Smith.

21

22  At the time the defendants and their counsels and their counsels law firms made

23 the false representations. Plaintiff was ignorant of the facts and believed the

24 representations to be true. Plaintiff in fact relied on the defendants representations

25 that they would abide by the terms of the Feb 18 2022 settlement agreement.

26 Plaintiff agree to immediately dismiss his lawsuit. Plaintiff was threaten and forced

27 by all the defendants to dismiss his previous lawsuit prematurely resulting in the

28 previous Court losing subject matter jurisdiction over the parties settlement agreement

thereby preventing Plaintiff from enforcing his settlement agreement and while allowing the

defendants to materially breach and violate the Feb 18 2022 Settlement Agreement.

1  At the time the defendants made these  false representations Plaintiff was ignorant of the

2  true facts and believed the representations to be true.  Plaintiff in fact relied  on the

3  representations by dismissing his case against the defendants Sotheby's Bonhams  and

4  Christie's.   Plaintiff's reliance was reasonable in that the parties had entered into a written

5  settlement which  was signed by Plaintiff Nathan Smith and the parties counsel Joseph Patella.

6

7

8  If Plaintiff had known the true facts he would not have acted as he did and specifically

9  Plaintiff Nathan Smith would not have prematurely dismissed his case against the

10  defendants thereby depriving the previous Court of the ability to enforce the

11  Feb 18 2022 Settlement Agreement  entered into amongst the parties.

13

14   Defendants Sotheby's  Bonhams and Chrisitie's  directed , authorized , and or participated

15  in their counsels and counsels' respective firms tortious conduct and as such are personally

16  liable along with their counsels and counsels respective law firms for the tort of

17  promissory fraud. ( See  Frances T  v  Village Green Owners Assn  (1986)

18   42 Cal 3d 490    , PMC Inc v  Kadisha (2000) 78 Cal  App 4th 1368 1380-1382

19

20   As a direct and proximate result of the fraud engaged in by all the defendants

21  Plaintiff  has been damaged in amount still to be determined but exceeding

22   $3,000,000,000  billion dollars in damages and losses caused by  all the

23  defendants fraudulent actions and conduct.

24

25   All the defendants  and their co conspirators  and aider  and abettors engaged in

26  despicable conduct and acted with willful, reckless and conscious disregards of

27  the rights of Plaintiff Nathan Smith  and in doing the things herein  were guilty of

28  oppression and malice. Accordingly Plaintiff seeks punitive and exemplary damages

in an amount to be proven at trial.

1              THIRD CAUSE OF ACTION

2              (Negligence - against all the defendants)

3

4      Plaintiff incorporates by reference  Paragraphs 1 through 63 as though fully set forth

herein.

5

6        The  Sotheby's , Bonhams and Christie's defendants and their counsels and

7 counsels respective firms owed Plaintiff a duty  to act with proper care during the

8  handling of the sale (s) of Plaintiff's diamonds  and also regarding adhering to

9 and abiding by the terms of the Feb 18 2022 settlement agreement  and in regards

11 to their counsels and counsels respective firms in regards to the Feb 18 2022

12 Settlement Agreement that  the parties had enter into.  The Sotheby, Bonhams

13 and Chrisitie's defendants  owed Plaintiff a duty to act with proper care concerning

14 directing their counsels and counsels law firms to threaten and force Plaintiff to

15 dismiss his lawsuit prematurely which was not in accordance with the Settlement

16 Agreement that the parties had entered into.  The Sotheby's  Bonhams and

17 Christie's defendants  owed  Plaintiff a duty of care while acting as Plaintiff's

18 agents for the Sale of Plaintiff's diamonds and participants and parties to

19 the Feb 18 2022 Settlement Agreement that was entered into between Plaintiff

20 and the defendants Sotheby's Bonhams and Christie's.  The defendants had a duty

21 of care not to aid , direct and instruct and participate with their counsels and

22 counsels respective law firms in an attempted and concerted effort to get

23 Plaintiff's previous lawsuit dismissed with prejudice even though all of the

24  defendants  were well aware of the important and relevant fact that the defendants

25 had entered in a Settlement Agreement with Plaintiff and that all of the defendants

26 illegal conduct was direct in materially breach and violation of the Feb 18 2022

27 Settlement Agreement that the defendants had entered into with Plaintiff.

28

36

1   Defendants Sotheby's Bonhams and Chrisitie's  breached the duty owed to Plaintiff

2 when they instructed their counsel to  threaten and force Plaintiff into dismissing his

3 previous lawsuit prematurely and when the defendants instructed their counsels and

4 counsels law firms to  attempt to get Plaintiff's case dismissed with prejudice even

5 though the defendants had already settled with Plaintiff and even though all the

6 defendants illegal conduct and actions were in direct material breach and violation

7 of the Feb 18 2022 settlement agreement that the defendants had entered into with

9 Plaintiff. The defendants also breached the duty that they owed Plaintiff when the

10 defendants while acting as the agents for the sale(s) of Plaintiff's refused to abide by

11 or adhere to the terms of the Feb 18 2022 settlement agreement whereby the

12 defendants were suppose to elect either Sotheby's or Chrisitie's to hold the

13 sale(s) for Plaintiff's diamonds but this never occurred  instead of holding the

14 sale(s) for Plaintiff's diamonds as agreed upon in the Feb 18 2022 settlement agreement.

15 All of the defendants proceeded to force and threaten Plaintiff into dismissing his case

16 prematurely so that Plaintiff could not enforce his settlement agreement. This allowed the

17 defendants to not have to abide by the terms of the settlement agreement that they had

18 entered into with Plaintiff. The defendants also attempted to get Plaintiff's previous case

19 dismissed with prejudice even though the defendants had already settled with Plaintiff.

20 The defendants previous counsel and counsels law firms are also negligent and it could

21 be reasonably foreseeable that  the negligent services or advice  to or behalf of their

22 clients could cause harm to others.  Waggoner v Snow, Becker, Kroll, Klaris and

23  Krauss 991  f 2d 1501 (9th Circuit 1993)  There are six considerations Courts

24 analyze  to determine whether a duty arises absent privity of contract and not based

25 on attorney- client  relationship. The Sotheby's Christie's and Bonhams defendants

26  counsels and counsels' respective law firms all owed Plaintiff Nathan Smith a duty

27 of care to refrain from the illegal conduct and unlawful actions  that they and their

28 clients directed at Plaintiff Nathan Smith during the Settlement agreement transaction .

37

1 The   six considerations that the Courts analyze to determine if the counsels and counsels

2 law firms for the defendants Sotheby's Christie's and Bonhams are

3    1. the extent to which the transsaction was meant to affect the Plaintiff  2. the

4  foreseeability    of the harm to Plaintiff. 3. the degree of certainty that Plaintiff

5 suffered injury  4. the closeness of the connection between the defendants conduct

6 and the injury. 5. the policy of preventing future harm  6. whether recognition

7 of liability under the circumstances would impose an undue burden on the profession

8 " Goldberg v Frye 217 Cal App 3d 1258 (1990)  France v Podleski 303  S.W

9 3d 615(Mo App 2010) Grimes v Saikley 904 N.E 2d 183 (ILL App 2009)

10  Chang v Lederman 172 Cal App 4th 67 (2009)  Donahue v Shugart, Thomas

11  & Kilroy P.C. 900 S.W. 2d 624 (Mo  1995 )

12  The Sotheby's Bonhams and Christie's defendants  counsels and counsels' respective

13 law firms owed Plaintiff a duty of care not to direct their unlawful and illegal conduct

14 at Plaintiff and the defendants owed Plaintiff a duty of care not to advise their clients

15 defendants Sotheby's Christie's and Bonhams not to direct their illegal conduct and

16 unlawful conduct at Plaintiff because all of the defendants were well aware of the

17 very important and relevant fact that the defendants had enter into a settlement

18 agreement with Plaintiff and therefore  none of the defendants or their counsels

19 and counsels' law firms had a right to direct any illegal or unlawful or any actions

20 that were not in accordance with the Feb 18 2022 settlement agreement  that was

21 entered into between the parties. The defendants had no right to advise their clients

22 not to adhere to or abide by the Feb 18 2022  settlement agreement and the defendants

23 had not right to aid and abet and direct and assist their clients the defendants Sotheby's

24 Christie's and Bonhams in breaching the  terms and of theFeb 18 2022 settlement

25 agreement and the defendants had no right to instruct their clients to threaten and force

26 Plaintiff to dismiss his lawsuit prematurely or instruct and aid their clients  in attempting

27 to get Plaintiff's previous lawsuit dismissed with prejudice even though the defendants

28 had already settled with Plaintiff.

1  Defendants Bonhams , Christie's and Sotheby's and their counsels and their counsels'

2 respective firms  were all negligent when they directed their unlawful and illegal conduct

3 at Plaintiff  after the previous case had already settled and the defendants were also

4 negligent when they instructed and aided and assisted and directed their clients

5 defendants Bonhams , Chrisities's and Sotheby's not abide by or adhere to the

6 terms of the Feb 18 2022 settlement agreement that had been entered into between

7 the parties.  As a proximate and direct result of  all the defendants negligent conduct

8 and illegal behavior directed at Plaintiff after and during the settlement of the previous

9 matter Plaintiff suffered harm, losses and damages and injury to still be determined but

10 in excess of $3,000,000,000 billion dollars to be proven as trial. Defendants Bonhams

11 Sotheby's and Chrisitie's  all breached  the duty owed to Plaintiff when they engaged

12 in their illegal and unlawful and malicious and tortious conduct against Plaintiff in

13 order to be able to deny Plaintiff  his rights under the Feb 18 2022 settlement agreement

14 and Plaintiff's right to a fair trial and legal process and proceedings.

15  All of the defendants also used an unlicensed attorney to threaten and force Plaintiff into

16 dismissing his previous lawsuit prematurely. The Sotheby's Christie's and Bonhams counsels

17 and counsels' respective  law all engaged in and aided and abetted, directed, assisted and

18 participated in the unlicensed practice of law in both California and New York. All of the

19  defendants illegal conduct was directed at Plaintiff Nathan Smith in a devious and

20 manipulative  illegal and fraudulent scheme to force and threaten Plaintiff into dismissing

21 his case prematurely.  All of the defendants violated  California Business and Professions

22 Code sections 16240 , 6125 and 6126 while engaging in the unlicensed practice of law .

23 The defendants  Sotheby's Bonhams and Christie's also violated Rule 5.5 Unauthorized

24 practice of Law when they aided and and assisted their co counsel Joseph Patella  and

25 his law firm in the unauthorized practice of law and in  threatening and forcing Plaintiff

26 into dismissing his lawsuit prematurely and also attempting to get Plaintiff's previous lawsuit

27 dismissed with Plaintiff even though the defendants Sotheby's Bonhams and Christie's

28 had already settled with Plaintiff Nathan Smith.

1                          FOURTH CAUSE OF ACTION

2          (    Intentional interference with Contract  against  defendant Joseph Patella

3             and defendants'  law firms  that were  involved in case # 2:22-cv-00279)

4

5     Plaintiff incorporates by reference Paragraphs 1 through 63 as though fully set forth herein

6

7   A Contract/Settlement Agreement  existed between Plaintiff Nathan Smith and defendants

8  Sotheby's  Christie's and Bonhams.

9     All of the defendants knew of this contract/settlement agreement

10  The Bonhams, Christie's  and  Sotheby's  counsels  and counsels' respective law firms

11  conduct as described herein , induced  breach of the contract and/or prevented performance

12  of the contract/settlement agreement  and/or made its performance  more difficult.

13

14  The defendants Sotheby's  Christie's and Bonhams counsels and counsels' respective law

15   firms intended to disrupt performance of the contract/settlement agreement  because  it

16  wanted  to obtain favor results for their clients  and make money and also prevent Plaintiff

17  Nathan Smith from enforcing the settlement agreement that he had entered into by the

18  parties to the previous lawsuit case #2:22-cv-00279 Nathan Smith vs Christie's  et  al .

19  The defendants  also wanted to force and threaten Plaintiff into dismissing his lawsuit

20  prematurely so that Plaintiff would be unable to get the previous Court  to enforce the

21  settlement that the parties had agreed to. The defendants also wanted to and attempted

22  to get Plaintiff's previous case dismissed  with prejudice so that Plaintiff would be unable

23  to prosecute his case against the their clients the Sotheby's  Christie's and Bonhams

24  defendants and so that Plaintiff would be unable to enforce the Feb 18 2022 settlement

26  agreement that the parties had enter into amongst themselves in order to settle the

27  action titled Nathan Smith vs Chrisitie's et al  case # 2:22-cv-00279.

28

40

1 The defendants Sotheby's  Christie's and Bonhams defendants'  counsels and counsels'

2 respective law firms actions and illegal conduct and threats were a substantial  factor

3 in causing Plaintiff Nathan Smith harms.

4

5  In doing the acts herein alleged  The defendants Sotheby's Christie's  and Bonhams

6 counsels and counsels' respective law firms  acted with oppression , fraud,  and

7 malice and Plaintiff Nathan Smith is entitled to punitive damages.

8

9 As a direct and proximate cause of the defendants illegal interference with Plaintiff's

10 contract/settlement agreement that he had with the defendants Sotheby's  Christie's and

11 Bonhams Plaintiff suffered injury, damages and losses to be determined a trial but potentially

12 exceeding $3,000,000,000  billion dollars.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

41

1                          FIFTH CAUSE OF ACTION

2              ( Fraud and Conspiracy to Commit fraud- against all defendants)

3

4 Plaintiff incorporates by reference Paragraph 1 through 63 as though fully set forth herein

5  Defendants Sotheby's Bonhams and Christie's conspired with their counsel Joseph

6 Patella and the defendants respective Law Firms to defraud Plaintiff Nathan Smith and

7 all of the defendants did commit fraud and numerous other crimes and misconduct by

8 assisting , aiding, abetting and directing and participating in threatening and forcing

9 Plaintiff to dismiss his previous case premature thereby preventing Plaintiff from being

10 able to enforce the settlement agreement that entered into by the parties  which resolved

11 case # 2:22-cv-00279 Nathan Smith vs Christie's et al  and by attempting to get Plaintiff's

12 previous case dismissed with prejudice even though all of the defendants were well aware

13 of the fact that the parties had entered into a binding and enforcable Feb 18 2022 settlement

14 agreement which  all the parties had to adhere to and abide by the term contained within the

15 Feb 18 2022 settlement agreement between the parties.

16  By unlawfully  forcing and threatening Plaintiff to dismiss his case prematurely with the

17 aid and assistance of unlicensed counsels  and by attempting to get Plaintiff's previous lawsuit

18 dismissed with prejudice even though the defendants had settled  and by refusing to abide by

19 or adhere to the terms of the Feb 18 2022 settlement agreement that the parties had all

20 agreed to adhere to and abide by when the parties entered into the  signed Feb 18 2022

21 settlement agreement. All of the defendants were complicit  when they directed their

22 illegal  and unlawful actions and conduct at Plaintiff.

23 All  of the  defendants were well  ware of the important and relevant fact that the parties

24 had settled the matter and therefore  there was no legal legitimate reason  that any conduct

25 legal or not legal was directed toward Plaintiff by the defendants. The settlement agreement

26 of Feb 18 2022 were the only terms that the parties strictly  had to abide by and adhere to.

27  All of the defendants did conspire  to not do either and to prevent Plaintiff from enforcing

28  the Feb 18 2022 settlement agreement by forcing Plaintiff to dismiss his case prematurely.

42

1 The fraudulent acts and illegal and unlawful conduct committed by all the defendants

2 which was squarely directed at Plaintiff in a concerted and malicious and devious effort

3 to force and threaten Plaintiff into dismissing his previous case prematurely so that Plaintiff

4 would not have the ability to get the previous Court to enforce the Settlement agreement that

5 Plaintiff had entered into with the defendants Sotheby's Chrisitie's and Bonhams . All of the

6 defendants engaged in the violations of both Federal and State laws when they forced and

7 threaten Plaintiff to dismiss his previous action prematurely. All of the defendants engaged

8 in material breaches and violations of the Feb 18 2022 Settlement agreement that the parties

9 had agreed to in order to resolve case # 2:22-cv-00279 Nathan Smith vs Christie's et al.

10 All of the defendants also violated Plaintiff's right to a fair trial and Plaintiff's

11 constitutional rights when the defendants forced and threaten Plaintiff into dismissing

12 his previous case prematurely and when the defendants attempted to get Plaintiff's case

13 dismissed with prejudice even though all the defendants knew that they had already

14 settled the matter with Plaintiff thereby resolving case #2;22-cv-00279 Nathan Smith

15 vs Christie et al.

16 In doing the acts herein all of the defendants acted with oppression and malice and fraud

17   so therefore Plaintiff is entitled to punitive damages against all the defendants.

18

19

20

21

22

23

24

25

26

27

28                                             **43**

1                         SIXTH CAUSE OF ACTION

2              (Intentional  Misrepresentation -against all of the defendants)

3

4    Plaintiff incorporates   by reference Paragraphs 1 through 63 as though set forth herein

5 All of the defendants  made the intentional misrepresentations during  the settlement of

6 Plaintiff's action with the defendants. All the defendants  made the following

7 intentional misrepresentations on which Plaintiff relied to its detriment regarding

8  the sale(s) of Plaintiff's  diamonds by either the Sotheby's or Christie's defendants.

9

10

11  All of the defendants  represented to Plaintiff  that they would elect either

12  Sotheby's or Chrisitie's or whomever could do the best job to hold the sale(s) for

13  Plaintiff Nathan Smith's diamonds.

14

15 All of the defendants represented to Plaintiff that Sotheby's Christie's and Bonhams

16  would use the 550 absorption spectrum/spectroscopy and the diamonds inclusions

17  to confirm colored diamonds.

18

19   All the defendants  represented to Plaintiff  that Bonhams , Sotheby's and

20  Christie's would not involve the Gia in their affairs.

21

22  This is also evidenced in the Feb 18 2022 settlement agreement that the parties

23  entered into amongst themselves in order to resolve case # 2:22-cv-00279

24  Nathan Smith vs Christie's et al.

24   However all of the defendants  had no intentions of  abiding by or adhering to

26  the terms of the Feb 18 2022 settlement agreement that the parties had agreed to.

27  When  all of the defendants made these representations they knew them to be false

28  and made these representations with the intentions to induce Plaintiff  to act in

1 reliance on these representations.

2 In doing the acts herein all of the defendants  acted with oppression ,fraud, and malice

3 and Plaintiff  is entitled to punitive damages.

4

5                              SEVENTH CAUSE OF ACTION

6                    (negligent misrepresentations- against all the defendants)

7

8    Plaintiff incorporates by reference Paragraphs 1 through 63  as though set forth full herein.

9    All the defendants made the following misrepresentations during their settlement with

10 Plaintiff Nathan Smith.

11    Defendants represented to Plaintiff that  they would elect either Sotheby's or Christie's

12  are whomever could do the best job to hold the sale (s) for Plaintiff's diamonds in

13 consideration for Plaintiff immediately dismissing his case against the defendants which

14 was entitled Nathan Smith vs Christie's et al case # 2:22-cv-00279.

15

16 All the defendants represented to Plaintiff that they would abide by and adhere to the

17 terms of the Feb 18 2022 settlement agreement that the parties had agreed to.

18

19 However all the defendants had no intentions of abiding by or adhering to the

20 terms of the Feb 18 2022 settlement agreement that the parties had agreed to.

21 Instead of abiding by the terms of the Feb 18 2022 settlement agreement all of

22 the defendants proceeded to threaten and force Plaintiff to dismiss his previous

23 case against the defendants prematurely and the all the defendants proceeded and

24 attempted to get Plaintiff's case dismissed with prejudice even though the defendants

25 new that the case had settled and  the defendants unlawful and illegal actions and conduct

26 were in ,material breach and violation of the Feb 18 2022 settlement agreement that the

27 parties had agreed to  and the defendants actions were in completely opposite of

28 what they had represented to Plaintiff they would do in regards to the terms of the

settlement agreement that the parties had enter into and agreed to.

1 Plaintiff is entitled to compensatory damages and other damages that were incurred

2 by Plaintiff because of all of the defendants illegal conduct which was a direct

3 and proximate cause of Plaintiff's injuries, losses and damages.

4

5        EIGHTH CAUSE OF ACTION   against all counsels and law firm defendants

6    ( Business and Profession Code 16240 illegally practicing a business without a license )

7 Plaintiff incorporates by reference paragraph 1 through 63 though as fully set forth herein.

8

9   Because the Practice of Law requires a license in California, individuals who wrongly

10  hold themselves out as lawyers are also subject to prosecution under Business and

11  Professions Code 16240. This Misdemeanor statue does not depend on the definition

12  on what constitutes the practice of law. Instead mere holding oneself out while not

13  actually having a valid certificate is a completed misdemeanor violation.

14  Section 16240 provides that every person who practices, offers to practice or advertise

15  any business ,trade, profession , occupation or calling  or use any title . sign, initials,

16  card, or device to indicate that he or she is qualified to practice business, trade, profession

17   occupation, or calling for which a license , registration, or certificate is required by any

18   law is guilty of a misdemeanor, punishable by a fine of not more then $1,000 or six

19  months in county jail or both (see Penal code 19)

20  The defendants' counsels Joseph Patella and Benjamin Akley and their law firms were not

21  in possession of an actual State of California Bar card New York State Bar card when they

22  engaged in Felony and misdemeanor acts as set forth in this complaint for damages.

23  Counsel Joseph Patella did not have State of California Bar card when him and his

24  co-counsels and their respective laws firms forced and threaten Plaintiff into dismissing

25  his case prematurely and when counsel Joseph Patella and the co-defendants engaged in

26  numerous illegal acts of conducting business in California without a business license and

27  practicing law in California without a State of California Bar card when they directed their

28  illegal conduct at Plaintiff in California in violation of Business and Profession Code 16240.

1                           NINTH CAUSE OF ACTION

2              ( The Unlawful Practice of Law ( UPL )  in violation of California )

3                 Business and Professions Code 6125 and 6126  a  misdemeanor

4

5   Plaintiff incorporates by reference Paragraphs 1 through 63   though as fully set forth herein.

6   The defendants  Bonhams, Christie's and Sotheby's  their co-counsels  and co-counsels

8   respective firms hired  unlicensed defendant Joseph Patella  to engage in the business and

9   practice of law in the State of California even though he clearly lacked a license or proper

10  business license to do so. Counsel Benjamin Akley also engaged in the unlicensed

11  practice of law and the unlicensed legal business in the State of New York while he

12  and the other defendants  aided and abetted Joseph Patella in his illegal practice of

13  law in the State of California  and his illegal conducting of the Business of Law in

14  the State of California  while he and his co -defendants  directed threats and forced

15  Plaintiff to dismiss his previous lawsuit prematurely and during the period when the

16  defendants attempted to get Plaintiff's lawsuit dismissed with prejudice even though the

17  defendants were well aware of the fact that the defendants had settled with Plaintiff

18  Nathan Smith. All of the defendants and their co counsels and the respective law firm

19  defendants  threaten  , intimidated, place Plaintiff in fear and extorted and  forced

20  Plaintiff through their unlicensed counsels  Joseph Patella and Benjamin Akley  to

21  dismiss his case prematurely causing Plaintiff to lose his ability to  get the previous

22  Court to enforce the settlement agreement that was entered into between the parties.

23  All defendants and their co-defendants  also used unlicensed Joseph Patella and

24  Benjamin Akley to illegally file documents in California in a concerted and illegal

25  and vile effort to get Plaintiff's case dismissed with prejudice so that Plaintiff would be

26  unable to prosecute his case against the defendants clients defendants Sotheby's  Christie's

27  and Bonhams who had also directed and assisted their  counsels and their respective firms

28  in their illegal and unlawful actions directed at Plaintiff in California after the previous case

had already settled .

1 6125 specifically states "No person shall practice law in California unless the person

2 is active member of the State Bar"

3 Defendants Joseph Patella was not a member of the California State Bar and lacked a

4 California State Bar card.when he and his co defendants directed their unlicensed illegal

5 actions at Plaintiff in California and when the defendants forced and threaten Plaintiff into

6 dismissing his case prematurely and when Joseph Patella the unlicensed counsel and the

7 co-defendants attempted to get Plaintiff's previous action dismissed with prejudice even though

8 the defendant were well aware of the fact that the defendants had settled and resolved the

9 matter with Plaintiff Nathan Smith and all the illegal actions of the defendants were in

10 material breach and violation of the Feb 18 2022 settlement agreement that the defendants

11 had entered into with Plaintiff. All of the defendants had no legal or legitimate reason to

12 target or direct their vile and devious, illegal and threaten actions at Plaintiff considering

13 the case had already been settled and the terms of how the parties were to conduct themselves

14 going forward where clear and precise.

15 Business and Profession Code 6126 (a) states that" any person advertising or holding

16 himself or herself out as a practicing or entitled to practice law or otherwise practicing

17 law who is not an active member of the State Bar or otherwise authorized pursuant

18 to statue or Court rule to practice law in this State at the time of doing so is guilty of

19 a misdemeanor punishable by up to ($1000) or by both that fine and imprisonment"

20 At the time that counsel Joseph Patella and all of his co-counsel and their respective

21 defendant law firms were threatening and forcing Plaintiff to dismiss his lawsuit prematurely

22 defendants Joseph Patella did not have a license to practice law in California and he also

23 did not have a California State Bar card. All of the defendants aid and abetted defendant

24 Joseph Patella in his unlicensed practice of law in California which was directed at Plaintiff.

25 All of the defendants violated both Business and Professions Code 6125 and 6126 (a)

26 when they forced and threaten Plaintiff into dismissing his previous lawsuit prematurely

27 and when the defendants attempted to get Plaintiff's previous case dismissed with prejudice

28 even though the defendants had already previously settled with Plaintiff.

1 Counsel  Benjamin Akley  and his law firms and co defendants also aided and abetted counsel

2 Joseph Patella in his illegal acts and violations of the law. Counsel Akley and his co defendants

3 and co-defendants law firms also engaged in the  unlicensed practice of law in New York  and

4 also the engaging in an unlicensed business in New York while directing their illegal  and

5 unlawful conduct at Plaintiff Nathan Smith during course of aiding and abetting  defendant

6 Joseph Patella  and the law firm defendants in their illegal and unlawful and devious  and

7 malicious acts against Plaintiff.   All the defendants  violated California Business and

8 Profession Codes when they engaged in their illegal conduct and actions against Plaintiff

9 a resident of California even though none of the defendants  had a business license   to

10 direct their unlawful and illegal business at Plaintiff.

11   The California Supreme Court ruled that out of state lawyers without a

12 California Licenses are engaging in the unauthorized Practice of Law if they

13 participate in sufficient activities in the State or create  a continuing relationship

14 with the California client that included legal duties and obligations"

15 With the help of a fax machine, computer or telephone, lawyers need not  even

16 be physically present in California to violate the unauthorized practice of law

17 restrictions. ( Birbrower, Montalbano, Condon and Frank P.C. et al v The Superior

18 Court of Santa Clara County (1998) 17 Cal 4th 119)

19   The defendants Sotheby's Bonhams and Christie's and defendants Joseph Patella

20 and their co counsels and law firm defendants  all  violated the State of California

21 Business and Profession Code 6125 that specifically states "No person shall practice

22 law in California unless the person is an active member of the State Bar"

23    As well as Business and Profession Code 6126 a misdemeanor  on multiple

24 occasions against Plaintiff Nathan Smith.

25 The California Supreme Court stated the underlying rationale of 6125 and 6126

26 is for the protection of California citizens from unlicensed , incompetent or

27 untrained  lawyers such as defendant counsel Joseph Patella and his

28 his co-counsels and their defendant law firms.

49

1    Wherefore , Plaintiff Nathan Smith prays for judgment  on all (9) causes of

2 action  against the Defendants  and each of them as follows.

3

4   First  Cause of Action

5    1. Punitive damages

6     2. special damages

7     3. Compensatory damages in the amount  to be proven at trial but in excess of

8  $3,000,000,000 billion dollars

9   General  damages according to proof at trial

10  For such other relief that the Court deems proper

11

12  Second Cause of Action

13  1. Punitive damages

14   2. special damgages

15   3. Compensatory damages  in the amount to be proven at trial but in excess of

16  $3,000,000,000 billion dollars

17   General damages to be proven at trial

18  For such relief that the Court deems proper

19  Special  damages

20

21

22  Third Causes of Action

23  1. Special  damages

24  2. General damages according to proof at trial but believed to exceed $3,000,000,000

25  3.  Punitive damages

26   4. Compensatory  damages

27    5. For such relief as the Court deems just and proper.

28

1  Fourth Causes of Action

2  1. Punitive damages

3  2. Compensatory  damages

4   3. Special  damages

5   4.  General damages according to proof at trial.

6

7  Fifth Causes of Action

8   1. Punitive damages

9   2. Compensatory damages

10   3. General  damages to be proven at trial

11      4. Special damages

12

13

14  Sixth Causes of Action

15   An award on all damages available in the law  and according to proof at trial

16  punitive and exemplary damages

17

18  Seventh Causes of Action

19   An award  of all damages available in law and according to proof at trial

20   and punitive and exemplary damages.

21

22

23   Eighth  Causes of Action

24  An award of all damages available in law and according to proof at trial

25  and punitive and exemplary damages.

26

27

28

1    Ninth Causes of Action

2   An award of all damages available in law and according to proof at trial

3   and punitive and exemplary damages.

4

5    On all Causes of Action

6    1. An award of all damages available in law and according to proof at trial.

7   Punitive and exemplary damages.

8    2. special damages

9    3. Injunctive relief

10   4. Declaratory relief

11   5. Confirmation  of the guarantees

12   6. $3,000,000,000 billion dollars  in losses, damages and injury to Plaintiff.

13

14    For such other and further relief as the Court deem just and proper

15    Enforcement of the Feb 18 2022 settlement agreement by this Court

16    **Request for jury demand at trial**

17

18   6-2-22      PLAINTIFF IN PRO SE

19               NATHAN SMITH

20

21

22

23

24

25

26

27

28



# EXHIBIT B

exhibit B

# EXHIBIT A

exhibit A

Patella, Joseph

| | |
|---|---|
| From: | Nathan Mullin-edo <matsor@ixorbit.com> |
| Sent: | Friday, February 18, 2022 3:53 PM |
| To: | Patella, Joseph |
| Subject: | Nathan Smith 's Offer of Compromise |

Caution: This email originated from outside of the firm.

Mr. Patella and the Counsel for Bonhams Auction and the Counsel for Sotheby Auction

I suggested to Mr. Patella and Mr.Kiley that I am always open to compromise, as a sign of Good faith I would agree to an extension of time for the defendants to answer contingent on the parties also using the extra period of time for an attempt at a compromise that would be beneficial to all the parties involved and that might also settle the case.

What I think would be fair is if you all decided to elect either Sotheby or Christies to hold the sale for the diamonds . Whomever thinks that they can get the best results in the one that I would prefer for the job. But not Bonhams. If you are able to reach an agreement I would be willing to dismiss my lawsuit immediately against all the defendants. I would also agree to relieve the other defendants of their obligation and commitment and agreement s with me which are the subject of this lawsuit. Just as long as either Sotheby or Christies agreed to hold the sale for the diamonds and of course the sale is not to be involved in our affairs. The inclusion and the 3RD absorption band are the standard for Certifieing Colored Diamonds. We can work out the details for our experts to examine the diamonds.

Gentleman this is all business. What kind of mad would I be in the diamond business if I allowed your clients to breach their contract and agreements with me. Whether I win or lose I still have to defend my rights and I intend to do that vigorously. I hope we can set aside our difference and whether or not our case is strong or weak so that we can reach a compromise that is amicable to all the parties involved. I look forward to hearing back from you gentlem in the near future. Please have an amazing weekend.

Best regards

Nathan Smith

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

| | | |
|---|---|---|
| Case No. | CV 22-00279-MWF (KSx) | Date: April 21, 2022 |
| Title: | Nathan Smith v. Christies Auction et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

Proceedings (In Chambers):    ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE THE PARTIES' SETTLEMENT AGREEMENTS [32]

Plaintiff Nathan Smith filed a Motion to Enforce the Parties' Settlement Agreements (the "Motion") on April 7, 2022 (Docket No. 32). However, on April 10, 2022, Plaintiff filed a Notice of Dismissal that voluntarily dismissed the action in its entirety. (Docket No. 37). This dismissal closed the case and meant that the Motion was implicitly denied. Indeed, with the dismissal of the action the Court lacked jurisdiction to rule upon the Motion or enforce the settlement agreement.

Because the action has been dismissed, the Motion is again DENIED for lack of jurisdiction.

IT IS SO ORDERED.

exhibit C

CIVIL MINUTES—GENERAL    1