1 Nathan  Smith
2 Pro  Se

3 11040  Otsego  Street

4 North Hollywood  California 91601

5 meteor@inorbit.com   213 590-0594

```
          FILED
   CLERK, U.S. DISTRICT COURT

      09/06/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ smom _____ DEPUTY
```

6                    UNITED STATES DISTRICT  COURT

7                    CENTRAL  DISTRICT OF  CALIFORNIA

8  NATHAN  SMITH                          case No  22-cv-03765   MWF   KSx

9            plaintiff                     THE HONORABLE AND DISTINGUISH

10      v                    ( presiding )   JUDGE   MICHAEL  W. FITZGERALD

11

12 PRYOR  CASHMAN  LLP            PLAINTIFF'S NATHAN SMITH

13                               NOTICE OF MOTION  AND

14                               MOTION  TO DISQUALIFY

15                          PLAINTIFF AND DEFENDANTS

16                          LAW FIRMS AND ATTORNEYS

17

18                    ( hearing)   Date   October 10, 2022

19                               Time  10:00 a.m.

20                               Courtroom 5A

21

22                          Corrected First Amended Complaint

23                          filed  August  2, 2022

24

25

26

27

28

1

1   TO THE HONORABLE  COURT AND THE DEFENDANTS  SOTHEBY'S

2  CHRISTIE'S, BONHAMS , GIA GEM TRADE LABORATORY NY  AKA (GIA)

3 AND CO-DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

4

5  PLEASE  TAKE NOTICE  that  on October 10 2022 at 10:00 a.m. or as soon

6 thereafter as the matter may be heard  in Courtroom 5A  of the above entitled Court

7 located at 350 West 1 Street  Los Angeles California   90012,  Plaintiff  Nathan Smith

8 will and hereby do move this Court  for an order Disqualifying the  Pryor Cashman llp

9  Seyfarth  llp,    Hunton   Andrews and Kurth llp  and  Olsoff   Cahill Cossu llp

10 and all of its attorneys from  representing the defendants  Sotheby's  Christie's,

11 Bonhams , Gia  Gem Trade Laboratory  New York  aka (Gia)  and the

12 co defendants in  this matter.

13

14  This  Motion arises because  Plaintiff  retained  the  above mentioned Law  Firms

15 and  that representation  prevents  the Law  Firms  from pursuing  this adverse

16 representation  against Plaintiff. Plaintiff has not waived his attorney client

17 privilege,   confidential agreement,  conflict of interest  or  the right to  decide who can

18 use or disclose the confidential  information   related to these legal proceedings.

19 Plaintiff seeks an order requiring the  Law Firms to withdraw as counsels to

20 the defendants  based on the counsels previous and current representations of Plaintiff  during

21 the Settlement Agreements that Plaintiff entered into with the defendants.

22

23

24

25

26

27

28

1   The Motion  are based on the Notice,  the attached Memorandum  of Points

2 and Authorities, the declaration  of  Nathan Smith, the pleadings and records on file

3 herein  and such  other evidence and argument as  may be presented to the  Honorable

4 Court  at or prior to  the hearings on  the Motion.

5

6                                              9-6-22   Nathan  Smith

7                                              Plaintiff in Pro  Se

8

9

10   INTRODUCTION

11

12    Plaintiff  Nathan  Smith  hereby move for an order disqualifying the Law  Firms

13  Seyfarth llp,    Pryor  Cashman llp  ,  Hunton Andrews and Kurths llp   and

14  Olsoff  Cahill  Cossu  llp  from representing  defendants  Bonhams, Christie's,

15  Sotheby's  Gia  Gem Trade  Laboratory  NY  aka (gia)  and the co-defendants

16 in this current lawsuit. This Motion  arises because these  Law Firms entered into

17 an attorney-client  relationship with Plaintiff Nathan Smith.  The Law Firms

18 representation of the defendants  create an irreconcilable conflict of interest  along

19 with attorney client privilege issues and  confidentiality issues and use of

20 confidential  information issues  that violates the California Rules of Professional

21 Conduct.

22

23   As  far  back  as   June 30 2021, July 22, 2021,  Feb 18 2022,  June 27 2022

24 and as recent as  August   17, 2022  Plaintiff  Nathan Smith  has had settlement

26  agreements, attorney client privilege, confidentiality agreements  and non use

27  agreements with the Laws Firms, their attorneys  and the defendants.

28

1  THE OBVIOUS AND GLARING   TERMS THAT PLAINTIFF AND THE

2 LAW FIRMS AND THEIR CLIENTS  THE DEFENDANTS  AGREED TO

3  AS CLEARLY SEEN IN THE SETTLEMENT AGREEMENTS OF

4    JUNE 30 2021  AND  JULY 22 2021,  FEB 18 2022,  JUNE 27 2022 and

5  AUG 17 2022.

6

7  The  Law  Firms on behalf of the defendants  have habitually argued to  the Honorable Court

8 that neither the defendants or their law firms  have entered into  any agreements

9 with Plaintiff  Nathan Smith.

10

11   The Law  Firms  on behalf of the defendants  have  also argued that neither

12  the Law Firms or the defendants   have agreed to the terms that are contained

13   in the Settlement agreements that Plaintiff claims the Law Firms and the

14 defendants  had entered into  with Plaintiff.

15

16   The terms  contained in  both the June 30 2021  and July 22  2021  settlement

17 agreements  that Plaintiff entered into  with the  Gia  Gem  Trade Laboratory NY

18 (aka)  the Gia  clearly  contradicts  the assertions  by the defendants and their

19 Law Firms  concerning their  claim that they never agreed to the terms of these

20 settlement agreements .

21

22   Both the June 30 2021 and July 22 2021 settlement agreements have terms that

23 the Law Firms  for the defendants  also included  with the other terms contained

24 in  both the June 30, 2021 and July 22 2021 agreements that  the defendants  Law

25 Firms and counsels and defendants and Plaintiff  also agreed  to when they entered

26 into the June 30 2021 and July 22 2021  with Plaintiff.

27 Plaintiff respectfully ask the Court to take judicial notice of the June 30 2021,

28 July 22 2021, Feb 18, 2022, June 27 2022 and Aug 17 2022 settlement agreements

labeled  exhibits  A-G  pursuant to federal rules of evidence code 201 (B)2  and

rule 402.

1  The  terms  contained  in the June 30 2021 and July 22 2021 agreements that the

2 Law Firms and the defendants counsel   inserted into the June 30 2021 and

3 July 22 2021 agreements that the defendants  and their law firms and counsels

4 entered into with Plaintiff  clearly  states  that:

5

6  **" THE INFORMATION CONTAINED IN  THIS TRANSMISSION IS**

7 **ATTORNEY CLIENT PRIVILEGED AND OR CONFIDENTIAL  INFORMATION**

8 **INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY  NAMED ABOVE.**

9 **IF THE  READER  OF THIS  MESSAGE IS NOT THE INTENDED RECIPIENT,**

10 **YOU ARE  HEREBY NOTIFIED  THAT ANY USE , DISSEMINATION ,**

11 **DISTRIBUTION OR COPYING  OF THIS COMMUNICATION IS STRICTLY**

12 **PROHIBITED. "**

13

14   It  would  be legally  impossible  for the parties to  have agreed to  these terms

15 without also assenting and agreeing to the other terms that are also contained

16 in both the June 30 2021 and July 22 2021 agreements that Plaintiff entered into with

17 Scott Page and  his  Law Firm and the defendants.

18  The  defendants and their counsel and counsel's law firms  were the creators of these

19 terms that they  willingly , intentionally  and knowingly  inserted into the agreements

20 that the defendants had entered into with  Plaintiff.  Plaintiff Nathan Smith  and

21 the defendants and the their counsel and law firms  all  assented and agreed to be

22 bound by the terms of the June 30 2021 and July 22 2021 settlement  agreements

23 and the terms contained within those agreements.

24

25 **The idea that these defendants, their counsel and their law firms  have  argued for the**

26 **duration of Plaintiff's lawsuit that they did not enter into agreements with Plaintiff is**

27 **now contradicted by the defendants own words and actions as clearly seen with the**

28 **terms that the defendants and their counsel inserted into settlement agreements**

**that they entered into with Plaintiff Nathan Smith.**

1  THE SOTHEBY'S  BONHAMS, CHRISTIE'S  DEFENDANTS AND

2 CO -DEFENDANTS AND THEIR COUNSELS AND LAW FIRMS ALSO

3 INSERTED THE SAME TERMS INTO  BOTH THE FEB 18 2022,

4 JUNE 27 2022  AND AUGUST 17 2022  SETTLEMENT AGREEMENTS

5  THAT THE DEFENDANTS ENTERED INTO WITH PLAINTIFF.

6

7

8

9      The Feb 18 2022  settlement agreement that Plaintiff Nathan Smith  and the

10 defendants counsels  Joseph Patella  entered into also contained terms that

11 counsel Joseph Patella and his law firms  inserted into the Feb 18 2022

12 settlement agreement   that  the parties had  also agreed to abide by and

13 adhere to.  The terms inserted into  the Feb 18 2022 settlement agreement

14 by the defendants  counsel and Law Firm   clearly states that

15

**16 " THIS  COMMUNICATION IS CONFIDENTIAL. IF YOU ARE NOT AN INTENDED**

**17 RECIPIENT , PLEASE ADVISE  BY RETURN EMAIL IMMEDIATELY AND THEN**

**18 DELETE THIS MESSAGE INCLUDING ALL COPIES AND BACKUPS."**

19

20  It would be legally impossible for the parties to  have agreed to designate the communication

21 between the parties as confidential  without  the parties having reached an agreement were

22 the parties had agreed to designate the communications between the parties as confidential.

23 The communications that  the parties designated as confidential was the Feb 18 2022

24  settlement agreement  that  the defendants had entered into  with Plaintiff .

25  It would be legally impossible for  Plaintiff and the defendants and their counsels

26 and Law Firms to have agreed to  these terms  without agreeing to all the terms of

27 the Feb 18 2022 agreements. Their was no partial agreements made regarding the terms

28 that were contained in the Feb 18 2022 agreement. Plaintiff and the defendants and their counsel and  law firms agreed to all the terms that were contained  in the Feb 18 2022 agreement.

1   The  Sotheby's  Bonhams and Christie's and  co defendants   counsels and law firms

2 where the ones responsible for  terms designating the communications between the

3 parties as confidential. The defendants counsel and law firm inserted these terms into

4 Plaintiff's  Feb 18 2022 settlement agreement that the parties had agreed to enter into

5 amongst themselves during the pendency of the  lawsuits.  Both Plaintiff

6 and the defendants counsel  and law firms and the defendants agreed to all the

7 terms contained in the Feb 18 2022 agreement and other agreements.

8

9

10  On  Aug 17 2022  the defendants  counsel  Samara  Perlman  and  the defendants

11 Law Firm  sent   Plaintiff   a copy of the Feb 18  2022 settlement agreement  with

12 additional  terms that the defendants and their counsel and counsel law firms  had

13 added to  the Feb 18 2022. Plaintiff  Nathan Smith agreed to the additional terms

14 that the defendants counsel and law firms  had added to the Feb 18 2022 settlement

15 agreement that the parties had entered into. Both Plaintiff Nathan Smith and  the

16 counsel for the defendants Samara Perlman and the defendants counsels and law firms

17 all agreed to the additional terms that the defendants counsel and law firms added to

18 the Feb 18 2022 settlement agreement that the parties had enter into . The  additional

19 terms  that the parties agreed to also covered all the confidential information  that  the

20 defendants  and their counsels and law firms sent to Plaintiff on Aug 17 2022.  The

21 additional terms stated that:

22

23  **"THIS EMAIL IS CONFIDENTIAL INFORMATION WHICH MAY ALSO BE LEGALLY**

24 **PRIVILEGED  AND WHICH IS INTENDED ONLY FOR THE USE  OF THE**

25 **RECIPIENT(S) NAMED ABOVE, IF YOU ARE NOT THE INTENDED RECIPIENT**

26 **YOU ARE HEREBY NOTIFIED THAT FORWARDING OR COPYING  OF THIS**

27 **EMAIL OR THE TAKING OF ANY ACTION IN RELIANCE ON ITS CONTENTS**

**28 MAY BE  STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS EMAIL IN ERROR , PLEASE NOTIFY US IMMEDIATELY BY REPLY EMAIL AND DELETE THIS MESSAGE FROM YOUR INBOX "**

1  On Aug  17  2022  counsel for the  defendants  Samara  Perlman  also  sent Plaintiff

2  another  agreement   dated Aug  17  2022  that Plaintiff  agreed to  and accepted  and then

3  email  signed and accepted  back to  counsel  for defendants  Samara  Perlman . Counsel

4  Samara Perlman  and the defendants and  Law  Firms  and Plaintiff  all agreed to the

5  terms contained in the Aug 17 2022 email/agreement  that counsel  Samara Perlman sent

6  to Plaintiff . Plaintiff  signed and accepted and also  agreed to  the term contained in

7  the Aug 17 2022  email that counsel  Samara Perlman sent to  Plaintiff.

8

9   THE AUGUST 17 2022 SETTLEMENT/CONFIDENTIALITY  AGREEMENT/NOTICE

10  The  Aug 17 2022  email/Settlement/confidentiality agreement that

11 defendants  had entered into   stated that

12

13  **"The  email  contains  confidential  information  which may also be legally privileged and**

14 **which is intended  only for the use of the recipient(s)  named above. If you  are not the**

15 **intended  recipient , you are hereby  notified  that forwarding or copying of this email**

16 **or the taking of any action  in reliance on its contents,  may be  strictly prohibited.**

17 **If you have received this email in  error ,please notify  us immediately  by reply email**

18 **and delete this message from your inbox"**

19

20   The  conflict  of interest rules in California  are abundantly clear because  of  the

21  Pryor Cashman  llp,  Hunton Andrews and Kurth,  Olsoff  Cahill and Cossu llp

22 and Seyfarth  llp   and their attorneys  attorney -client relationship that the defendants

23 have had with Plaintiff  as clearly shown from the  numerous  Settlement agreements

24 that Plaintiff  entered into with the defendants. The June 30 2021  and July 22 2021

25 settlement agreement  between Plaintiff  and  Gia  Gem Trade Laboratory aka (gia)

26 contains  terms that clearly  state that  their is an attorney client privilege  and

8

27 confidentiality agreement  and  restricted use  clauses and terms  contained in

28 the June 30 2021 and July 22 2021 agreements that  the defendants  and their

counsel Scott Page entered into with Plaintiff.

1 The Law  Firms of the defendants and their  attorneys  must be automatically

2 disqualified  from representing the defendants  Sotheby's  Bonhams and Christie's

3 and the Gia and the other co-defendants in this matter.

4  It is axiomatic that an attorney cannot simultaneously represent  two clients against

5 one another. And even  if the Court  were to find  that the Law Firm and attorneys for

6 the defendants  lawfully terminated  their agreement with Plaintiff before representing

7 the defendants. The Law Firms and their attorneys  must still be  disqualified because

8 they owe a continuing duty of loyalty  and confidentiality  to Plaintiff as a former

9 client. Again it is axiomatic that  in order  to maintain  the high character of the

10 attorney client relationship , an attorney is forbidden to do   either of two things

11 after severing their relationship  with a former client.  (1) anything  that will

12 injuriously affect their former client  in any matter  in which they  formerly

13 represented them. (2)  at any time use a client's confidential  information

14 against that client .  The Law Firms and attorneys for the defendants  have

15 habitually and consistently violated both.  Because of the Law Firms and

16 attorneys  intimate knowledge of Plaintiff's  confidential information that

17 Plaintiff and the defendants and their Law Firms and attorneys agreed to

18 designate confidential and solely for the use of Plaintiff Nathan Smith that

19 are directly related  to Plaintiff's current lawsuit ,  The Law Firms  and the

20 counsels  for the defendants  must be disqualified.

21  The defendants Law Firms and attorneys   representation of  defendants in this case

22 and during the settlement agreements and previous cases  is at odds with the

23 basic principles  of the attorney client relationship, violates several  ethical and

24 professional conduct  rules and is manifestly  unjust and prejudicial to Plaintiff.

25 After having negotiated  for and enjoyed the benefits  of the Settlement agreements.

26  The defendants Law Firms and counsel  must protect the attorney client privilege,

27 that exist between Plaintiff and the law Firms and their attorneys which is  also

28 part of the terms of the agreement that Plaintiff entered into with the defendants.

1  The defendants  and Plaintiff's  former Law Firms and attorneys must protect the

2 confidential  information  and also protect the use of the confidential information

3 that Plaintiff and the defendants and their counsel and Law Firms  had agreed was

4  confidential, attorney client privilege  and only for the use of Plaintiff.

5

**6    THE AUG 17 2022 EMAIL/AGREEEMENT /NOTICE OF CONFIDENTIALTY**

**7 THAT PLAINTIFF AND THE DEFENDANTS AND THEIR LAW FIRMS AND**

**8 ATTORNEYS ENTERED INTO COVERED ALL THE DOCUMENTS SENT TO**

**9  PLAINTIFF ON AUG 17 2022 BY THE DEFENDANTS COUNSEL SAMARA**

**10 PERLMAN AND  THE  AGREEMENTS ALSO COVER  THE SEPT 2 2022**

**11 DOCUMENTS FILED BY COUNSEL BENJAMIN AKLEY. A CONFIDENTIALTY**

**12 CLAUSE AND AGREEMENT, AND ATTORNEY CLIENT PRIVILEDGE  ALSO**

**13 COVERED  THE SETTLEMENT AGREEMENTS THAT PLAINTIFF ENTERED**

**14 INTO WITH  COUNSEL SCOTT PAGE THE ATTORNEY FOR THE GIA**

**DEFENDANTS**

**15 (AKA) GIA GEM TRADE LABORATORY NY**

16

17

18   The  Feb 18 2022, June 27,2022, Aug 17 2022,  June 30 2021, and July 22 2021

19 settlement agreements  all contain terms  and conditions that clearly state that

20

**21  The email/settlement agreements   contains  confidential information which**

**22 may also be legally privileged and  which is intended  only for the use of the**

**23 recipient (s)  named above.  If you are not  the intended recipient , you are hereby**

**24 notified  that forwarding , copying of this email or the taking  of any action in**

**25 reliance  on its contents may be strictly prohibited . If you have received this**

**26 email in error please notify us immediately  by reply email  and delete the message**

**27 from your inbox.**

**28**

1

2

3  The June 30 2021 and the July 22 2021 settlement agreements with

4 the Gia Gem Trade Laboratory NY (aka) Gia  also  clearly states  that

5

6 **This information  contained in this transmission is attorney client privileged**

7 **and or confidential  information intended for the use of the individual or entity**

8 **named above.  If the reader of this  message is not the intended recipient (s)**

9 **you are hereby notified  that any use , dissemination,  distribution or copying**

10 **of this communication is strictly  prohibited.**

11

12

13     **The  defendants  Law Firms and attorneys have all violated the attorney-client**

14 **privilege that they have  and had with Plaintiff Nathan Smith by using  the**

15 **confidential  informations that was solely for Plaintiff's use only. The attorneys**

16 **and Law Firms also violated  the confidentiality clause contained in the**

17 **Settlement agreements because   they all shared  the confidential informations**

18 **that was solely for Plaintiff's use only with other individuals . The defendants**

19 **and Plaintiff's  former and current Law Firms and Attorneys have violated**

20 **the terms  regarding  the attorney client privilege and confidentiality   of the**

21 **documents and settlement agreements that the defendants entered into with**

22 **Plaintiff.   The defendants  and their counsel and law firms and Plaintiff's**

23 **former counsels and law firms have all violated the term of the settlement**

24 **agreements  confidentiality clause and they have also violated and continue to**

25 **violate the attorney client privilege that the defendants established with Plaintiff.**

26 **The defendants and their Law Firms and attorneys also violated the terms of the**

27 **agreements by disclosing the confidential information  and by using the**

28 **confidential information  that they promised not to use.**


1  The defendants and Plaintiff's  counsels and Law Firms  have   used the confidential

2 information  that is solely for Plaintiff's use  to undermine Plaintiff's case  and they

3 have also shared it with the defendants in violation of the agreements that Plaintiff

4 and the defendants entered into  and also in violation of the confidentiality clause and

5 attorney client privilege that the Law Firms and attorneys had with Plaintiff and still

6 have  Plaintiff as set forth in the terms of the  settlement agreements.

7

8   THE DEFENDANTS AND THEIR LAW FIRMS  AND ATTORNEYS AGREED

9 NOT TO  DISCLOSE ANY OF THE CONFIDENTIAL INFORMATION THAT THE

10 DEFENDANTS AND PLAINTIFF AGREED WAS SOLELY FOR PLAINTIFF'S

11 USE.   THE DEFENDANTS AND THEIR LAW FIRMS AND ATTORNEYS ALSO

12 AGREED NOT TO USE ANY OF THE CONFIDENTIAL INFORMATION THAT

13 WAS FOR PLAINTIFF'S SOLE USE.

14

15  The June 30 2021, July 22, 2021, Feb 18 2022, June 27 2022 and August 17 2022

16 agreements between Plaintiff and the defendants  clearly stated in the terms that

17 the defendants and their Law Firms and attorneys  could not use any of the

18 confidential documents contained in the Aug 17 2022 email/agreement  that counsel

19 Samara sent to Plaintiff   and that was entered into  and sign and accepted and agreed to by

20 Plaintiff and counsel Samara Perlman  and  also  the defendants could not use or disclose

21 any of Plaintiff's confidential information that was solely for the use of Plaintiff.

22  The defendants and their Law Firms and their attorneys  habitually violated these

23 terms because  all of them are using and disclosing the confidential information

24 that they had previously  agreed not to use or disclose .

25

**26 PLAINTIFF NATHAN SMITH HAS NEVER CONSENTED TO THE USE OR**

**27 DISCLOSURE OF PLAINTIFF 'S CONFIDENTIAL INFORMATION BY THE**

**28 DEFENDANTS  THEIR LAW FIRMS  AND ATTORNEYS  WHO ALSO WERE**

**AND WAS PLAINTIFF'S LAW FIRM   AND ATTORNEYS. PLAINTIFF NEVER**

**CONSENTED THE ATTORNEYS BREACHING THE ATTORNEY CLIENT**

**PRIVILEGE THAT THEY HAD AND HAVE WITH PLAINTIFF.**

**1  ARGUMENT**

2

3  In  the Ninth Circuit  state law governs motions to disqualify. see  Rodriguez v W Publ'g

4   Corp 563 F 3d 948 967 (9th Cir 2009) by virtue  of the district  Court 's local rules

5   California law controls  whether  and ethical violation occurred. see also In re

6    Cty of L.A.  233 F 3d 990 995 (9th Cir 2000)   because we apply  state law in

7    determining  matters of disqualification , we must follow  the reasoned view of

8 the  State Supreme Court  when it has spoken  on the issue.  The Central District

9   applies the California State Bar Act, the California Rules of Professional Conduct

10  (CPRC)  and related  judicial decisions in assessing standards  of professional

11  conduct. see C.D. Cal  L.R. 83-3.1.2 The decision to disqualify counsel is within

12  the trial court's discretion. see  Trone v Smith  621 F 2d 994 999 (9th Cir 1980)

13 People ex rel Dept of Corps  v SpeeDee Oil Change Sys  Inc  20 Cal 4th

14 1135 1143-44 (1999).

15

16 **CALIFORNIA RULES  OF PROFESSIONAL  CONDUCT PROHIBITS THE**

17 **DEFENDANTS AND PLAINTIFF'S LAW FIRMS AND ATTORNEYS  FROM**

18 **TAKING  AN ADVERSE  POSITION TO ITS CURRENT OR FORMER CLIENT**

19

20 **The  Honorable Court  must  automatically  disqualify  the Law Firms and their attorneys**

21

22  California law  prohibits an attorney  from representing a client  if  the representation

23  is adverse  to another current client in the same or separate matter.  CRPC Rule 1.7a

24 (b)  Absent  informed written consent  a lawyer must be automatically disqualified

25   from acting as an advocate  in one matter against a person the lawyer represented in

26 the same matter  or some other matter  even if the matters are unrelated. See Flatt

27 v Superior Court 9 Cal 4th 275 (1994)  Something  seems radically out of place

28  if  a lawyer  sues one of the lawyers  own present clients even if the representations

have nothing to do with each other so that no confidential information is jeopardized

the client that  is sued  can obviously claim that the lawyers' sense of loyalty is askew.

1  Certain Underwriters at Lloyds London  v  Argonaut Ins Co 264 F Supp 2d

2  914 919 (N.D. Cal 2003)  Simply put  an attorney and his or her law firm cannot

3 simultaneously represent  a client  in one matter while representing  another party

4 suing that client in another matter.  Sheppard Mullins , Richter & Hampton  llp

5  v  J.M. Mfg  Co  6 Cal  5th  59 84 (2018)  A client who learns that his or her

6 lawyer is representing  a litigation adversary  cannot  long be expected  to sustain

7 the level of confidence  and  trust in counsel  that is one of the foundations  of  the

8  professional  relationship.

9

10  Plaintiff pleads and respectfully ask that this  Honorable and Distinguish  Court

11  automatically disqualify the defendants and Plaintiff's  Law firms and attorneys

12 because at the time  it sought to represent Plaintiff  they were concurrently  also

13 in an attorney client relationship with the defendants.  By virtue of the

14 June 30, 2021, July 22 2021, Feb 18 2022, June 27 2022 and the August 17 2022

15  agreements  and the terms of these agreements that the defendants attorneys and

16 Plaintiff had accepted  and agreed to. Plaintiff Nathan Smith became and is a client

17 of the Law Firms and attorneys for the defendants. The attorney client period covers

18 all the confidential information that the defendants counsels and law firms sent to

19 Plaintiff for his sole use. As of Aug 17 2022  and based on the Aug 17 2022

20 agreement between the defendants'  Law firms and counsel Samara Perlman.

21 And also based on the other numerous agreements that Plaintiff entered into

22 with the defendants. Plaintiff still has a attorney -client relationship with the

23 defendants  Law firms and attorneys.  The term of the numerous agreements

24 that Plaintiff entered into with the defendants clearly show that Plaintiff had

25 establish an attorney client relationship with the defendants Law firm and attorneys.

26 The Court should critically view the defendants  Law Firms and their  attorneys

27 as the record clearly shows  that the Law Firms and their attorneys have taken

28 numerous adverse  actions against Plaintiff  during their attorney client relationship

with Plaintiff and also after their attorney client relationship with Plaintiff .

1  See  State Farm Mut  Auto Ins Co  v Fed Ins Co 72  Cal  App 4th  1425

2 1432-33 (1999). In determining  whether  the automatic disqualification rule

3 applies  a Court  should evaluate  the  conflict of interest at the time it arose

4 not at the time a disqualification motion is adjudicated in Court.

5  The fact that the defendants lawyers and law firms have represented to Plaintiff

6 in writing that he has a attorney client privilege with the Law Firms and their attorneys

7 while also representing the defendants  can be interpreted as nothing short of  an

8 effort by the Law Firms and attorneys to play both sides and represent both Plaintiff

9 and the defendants.  The Law Firms and their attorneys are also using Plaintiff's

10 confidential informations  in adversary  against Plaintiff on behalf of the defendants.

11  (C.D. Cal  Dec 5 2016 )  quoting  Banning Ranch Conservancy v   Superior Court

12  193 Cal App 4th 903 908 (2011)  This district  has held just as the hot  potato

13 doctrine  provides that a lawyer cannot avoid automatic disqualification by abandoning

14 a current client  for a prospective one, a Law Firm  cannot abruptly  severe its relationship

15  with an active client  and then avoid disqualification  based on comparatively  little

16 work performed  during  the period of concurrent  representation up to that point.

17  Netlist Inc 2016 WL 890579 at  (C.D. Cal Dec 5 2016) citing Flatt 9 Cal 4th 288)

18  see e.g. California Earthquake  Auth v Metro W   Sec LLC 712  F Supp 2d  1124

19  1127-28  (E.D. Cal 2010) 1127-28  )  under California's  automatic disqualification

20 rules  firms have been disqualified even when they performed no legal services

21  during the period of  concurrent representation.

22

**23   EVEN IF PLAINTIFF IS A FORMER CLIENT DISQUALIFICATION IS**

**24  STILL WARRANTED**

25

26    Even assuming  the  Law firms and their attorneys  severed the attorney client

27 relationship with Plaintiff   even though according to the Aug 17 2022 agreement

28 Plaintiff still has a attorney client privilege and relationship with the Law firms and

attorneys for the defendants.

1   The defendants  Sotheby's Bonhams, Christie's and Gia  Law Firms and attorneys must

2 still be disqualified because its representation of the defendants  violates  its continued

3 duty of loyalty and confidentiality  to Plaintiff Nathan Smith as  their current and former

4 clients.   Oasis West Realty LLC v Gold man 51 Cal 4th 811 821 (2011) the duty of loyalty

5  continues after the termination of the attorney client relationship to the extent  that a

6 lawyer  may not act in a manner that will injure  the former client  with respect  to the

7 matter involved in the prior representation. People ex rel  Deukmejian  v Brown  29 Cal

8 3d 150 155 (1981)  an attorney may not  at any time use against  his former client

9 knowledge or information  acquired by virtue of the previous  relationship . **California**

**10 Rules of Professional Conduct rule 1.9 states : A lawyer  who has formerly represented**

**11 a client in a matter  shall not thereafter represent another person  in the same or**

**12 substantially related matter in which the person's interest are materially adverse  to the**

**13 interest of the former  clients unless the former client gives informed written consent.**

**14  California Rules Professional Conduct  1.9(a)**

15   **SpeeDee  Oil Cal 4th at 1146 where  an attorney successively represent clients with**

**16 adverse interests and where the subject  of the two representations  are  substantially**

**17 related  the need to protect the first client 's confidential  information  requires that**

**18 the attorney be disqualified from the second representation.**

19

20

21   PLAINTIFF 'S CURRENT ACTION IS SUBSTANTIALLY RELATED  TO THE

22 LAW FIRMS AND ATTORNEYS PRIOR REPRESENTATION OF DEFENDANTS AND

23 PLAINTIFF  NATHAN SMITH

24

25    The  question of whether  a case   bears substantially similarity to a prior

26 representation is resolved  by resort to the following  three factors.

27  1) the legal questions posed 2) the similarities  between  the two factual situations and

28 3)  the nature and extent  of the attorney's involvement in the cases.


1  H.F.  Ahmanson & Co   v Solomon Bros 229 Cal App 3d 1445 1452 (1991) Once

2 a substantial  relationship is shown  the court will not inquire  into the nature and

3 and extent of the confidence shared. see  Elan Townsend v  Cygnus  Therapeutics  Sys

4  809 F Supp 183 (N. D. Cal 1992)

5  Plaintiff's  claims are substantially related  to the Law Firms and attorneys prior

6  representation of the defendants which was related to the numerous settlement

7 agreements that the defendants entered into with Plaintiff.  These settlement agreements

8 contained terms stating  that Plaintiff had a attorney privilege relationship   with the

9 attorneys and the attorneys were not suppose to disclose or use  the confidential

10 information that was solely for the use of Plaintiff.  Instead of abiding by the

11 terms  that stated that the Law firms and the attorneys would not disclose or use

12 the confidential  information that was solely for Plaintiff's use.

13 The Law Firms and attorneys of Plaintiff and the defendants proceeded to use the

14 attorney privileged and confidential information  against Plaintiff  on behalf of

15 their other clients the defendants . The Law firms and attorneys  actions  are very

16 adverse to Plaintiff and the Law firms  and  their attorneys  have caused Plaintiff

17 extreme adversity by using the attorney privilege and confidential information

18  against Plaintiff in order to help their defendant clients. The law firm and attorneys

19 also disclosed Plaintiff's  confidential information to their client defendants  in a

20 concerted effort to help their defendant clients defeat  their Plaintiff  client's

21 lawsuit . The Law Firms  and attorneys knew they were entering into an expansive

22 role as counsel to Plaintiff. a role  that could implicate  advising  defendants

23 regarding matters raised by Plaintiff.  The numerous  settlement  agreements plain

24 terms  that Plaintiff entered into with the defendants control the analysis  and any

25 ambiguity must be interpreted  in Plaintiff's favor. see  California Earthquake  Auth

26 712 F Supp 2d 1129 . Attorneys  have a paramount obligation to honor their

27 contractual promises  to clients and ambiguities in contracts  between attorneys

28 and clients  should be strictly interpreted against attorneys.

1  In direct violations of  the terms of the settlement agreements that Plaintiff

2 entered into with the defendants and their law firms and their attorneys . The

3 law firms and their attorneys did  consult the  defendants on  how to defend against

4 Plaintiff's  claims by illegally using and disclosing  Plaintiff confidential information

5 to the defendants in direct violation of the terms of the settlement agreements  that the

6 defendants  and their law firms and attorneys had entered into with Plaintiff.

7

**8  THE LAW FIRMS AND THEIR ATTORNEYS MUST BE DISQUALIFIED**

**9 BECAUSE  THEY ARE SUPPLYING  AND USING AND DISCLOSING TO**

**10 THE DEFENDANTS  PLAINTIFF 'S CONFIDENTIAL INFORMATION THAT**

**11 WAS SOLELY AND ONLY TO BE   USED  BY PLAINTIFF AND WAS TO BE KEPT**

**12 CONFIDENTIAL  BY THE LAW FIRMS AND THEIR ATTORNEYS AND THE**

**13 DEFENDANTS**

14

15   The Law firms and their attorneys  representation of the defendants must be

16 disallowed  because  to do so would allow the Law firms and their attorneys to

17 continue  to supple  and disclose and allow their defendant clients to use Plaintiff's

18 confidential  information that is solely for Plaintiff's use only. The defendants are

19 using the confidential information that they are getting from Plaintiff's current and

20 former counsels and law firm  as a way to defend Plaintiff's lawsuit and claims.

21

**22  EVEN ABSENT AN ATTORNEY CLIENT RELATIONSHIP  THE LAW FIRMS**

**23 AND THEIR ATTORNEYS MUST BE DISQUALIFIED**

24

25   Assuming arguendo  no attorney client relationship  was formed. The law firms and

26 their attorneys  still owes a duty of confidentiality  to Plaintiff in the same way  it would

27 to prospective clients such that adverse  representation  in this case is inappropriate.

28 California Rules of Professional Conduct 1.18  provides that a duty of confidentiality

to a prospective client  arises even when no lawyer client  relationship ensues. If the client

disclosed   confidential information during consultation  for purposes  of assessing  the retention.


1   California Rules of   Professional  Conduct 1.18 (b)  even when no lawyer client

2 relationship ensues  a lawyer who has communicated with a prospective client  shall

3 not use or reveal  information protected by the Business and Professions code 6068

4 subdivision (e)  and rule 1.6  that  the lawyer learned as a result of consultation,

5   SpeeDee Oil 20 Cal 4th at 1147-48 . The fiduciary relationship  exisiting between

6 lawyer and client extends to preliminary consultations  by a prospective client

7 with a view  to retention of lawyer. although actual employment does not result.

8 An attorney  has a duty to a potential client not to  disclose confidential information

9  received  in an initial  consultation.

10 As  mentioned the settlement agreements  contain terms that state that Plaintiff and

11 the law firms and their attorneys have an attorney privilege relationship and the

12 law firms and their attorneys and the defendants have all agreed not to disclose ,

13  or use or disseminate or copy or forward  the confidential information that is

14 solely for Plaintiff's use.  The Law firms and their attorneys have done the

15 exact complete opposite by disclosing, using , disseminating and copying

16 and supplying  the confidential information that is solely for Plaintiff's use to

17 their defendant clients in order to help their defendant clients defend Plaintiff's

18 lawsuit. This is in direct violation of the terms of the numerous settlement

19 agreements that Plaintiff, the law firms , their attorneys and the defendants all

20 agreed  to abide by and adhere to regarding the confidential information that is

21 solely for Plaintiff's use.

22  Moreover because the case is still in its infancy . The defendants  will not suffer

23 any prejudice if their attorneys and law firms are disqualified.

24 The parties have note exchanged rule 26  disclosures or response to discovery.

25 See  In re Complex Abestos Litig  232 Cal   App 3d 572-600 (1991)

26 CONCLUSION

27  for the foregoing reasons  Plaintiff respectfully ask the Honorable and Distinguish

28 Court to disqualify  the Laws firms and their attorneys  who are currently representing

both Plaintiff and the defendants which is a major conflict of interest and violation of the

terms of the settlement agreements that Plaintiff entered into with the defendants.

9-6-22 Nathan Smith  Plaintiff in Pro Se



1   TABLE OF  CONTENTS

2

3    INTRODUCTION

4

5    CONFIDENTIAL  INFORMATION IS  PRIVILEGED

6

7   THE DEFENDANTS MOTION TO DISMISS  AND  ALL DOCUMENTS

8   FILED BY THE DEFENDANTS ARE CONFIDENTIAL INFORMATION

9   AND ONLY FOR THE  USE OF PLAINTIFF AND ATTORNEY -CLIENT

10   PRIVILEGE

11

12    CALIFORNIA  RULES OF PROFESSIONAL CONDUCT PREVENTS

13    ADVERSARY  PROCEEDINGS

14

15    PLAINTIFF HAS NEVER CONSENTED TO DISCLOSURE  OR THE

16   DEFENDANTS  USE OF THE CONFIDENTIAL  INFORMATION  THAT  IS

17   SOLELY FOR PLAINTIFF'S USE ONLY

18

19    DISQUALIFICATION   WARRANTED

20

21    POINTS AND AUTHORITIES  AND CASE  LAW

22

23   CONCLUSION

24

25

26

27

28



Mr Page

Thank you for your response. A quick reading of
Res Judicata would immediately show that it would not
apply in subsequent litigations. Both factors three and four
Would prevent your client the Gia from using res Judicata as
A defense to my potential lawsuit.

**Exhibit A**

> Sent: Thursday, July 29, 2021 at 12:20 AM
> From: "Page, Scott" <SPage@seyfarth.com>
> To: "Meteor Multimedia" <meteor@inorbit.com>
> Cc: "Belzer, Aaron" <ABelzer@seyfarth.com>
> Subject: RE: Gia Cease and   desist. Letter. Offer of settlement
>
> Mr. Smith - Thank you for your email.   We do not intend to engage in a discussion with you
at this time.   We think the Court has correctly and appropriately ruled that your claims should
be dismissed, and that ruling should guide the parties' actions going forward.
> I read your email to say that you are considering further litigation against GIA.   That would
be unfortunate, because as you know, your complaint was dismissed with prejudice, which
will act as a bar to any of the claims you describe as being a part of any future filing.   I
encourage you or any lawyer you say may represent you to consider the downsides of filing
any new action that ultimately will be dismissed as meritless, given among other reasons that
it is barred by res judicata on account of the Court's Order in the case that just concluded.
> That said, and in response to your specific question to me about service on GIA, please
know that you can always email me to check to make sure that I can receive service on its
behalf if and when you have any judicial filing you intend to serve on GIA.   Thank you.
>
>
>
> F. Scott Page | Partner | Seyfarth Shaw LLP
> 2029 Century Park East | Suite 3500 | Los Angeles, California 90067-3021
> Direct: +1-310-201-5237 | Fax: +1-310-282-6937
> spage@seyfarth.com | www.seyfarth.com
>
>
> ————————————
> The information contained in this transmission is attorney privileged and/or confidential
information intended for the use of the individual or entity named above.   If the reader of this
message is not the intended recipient, you are hereby notified that any use, dissemination,
distribution or copying of this communication is strictly prohibited.
> ————————————
>
> ----Original Message----
> From: Meteor Multimedia <meteor@inorbit.com>
> Sent: Thursday, July 22, 2021 3:45 PM
> To: Page, Scott <SPage@seyfarth.com>
> Subject: Gia Cease and desist. Letter. Offer of settlement
>
> [EXT. Sender]
>
> Mr.   Page
>
> While the gia might have been dismissed from the
> Current lawsuit.   This is your client first and only warning
> to stop selling gemstone grading reports and certificates.
> As you know the Court ruled that the only reason that
> The   gia advertising was not in conflict was because the


Edit with WPS Office

> Court ruled based on the evidence submitted that the
> Gia does not grade gemstones or issue grading
> Certificates or reports.   Of course this new and
> Compelling evidence   will surely lead to me seeking a Tro
> against the gia and I will sue the gia again. I have
> Already attained class action attorneys on stand by. The gia has

> Court ruled based on the evidence submitted that the
> Gia does not grade gemstones or issue grading
> Certificates or reports.   Of course this new and
> Compelling evidence   will surely lead to me seeking a Tro
> against the gia and I will sue the gia again. I have
> Already attained class action attorneys on stand by. The gia has
> Until the end of July 2021 to stop offering grading services
> and to stop their false advertising and unfair business
> Practices that are harming me and causing me irreparable
> Harm into the future. I am now very familiar with the
> Latham Act thanks to my new counsel. The copy of the
> Gia bogus diamond grading report is enough for me to seek
> A   tro against the gia.   This evidence puts them squarely in
> Conflict with their advertising that the gia does not grade
> Gemstones. Therefore I will seek. Redress from the Court
> For the harm that the gia false advertising and unfair business
> Practices are causing and have caused me. A whole new
> Claim will be filed by me and this time around I will get the
> Injunction. This is also my last offer to close this matter or
> Settle. If I don't hear back from you. I will assume that you and
> Your clients   have chosen the class action lawsuit path and
> The tro path.   Gentleman please take me seriously when I
> Tell you that I have the will power and resources to close the
> Gia down permanently and I will do just that. You have until the
> End of July. Please let me know if you are still representing   the
> Gia and will accept service of legal documents that will surely
> Be filed and served if you do not take my warning seriously.
> Do not make me go to Court again because as you know I will.
>   We   can   settle   or   we   can   litigate.   The   gia
> https://urldefense.proofpoint.com/v2/url?u=http-3A__decide.You&d=DwIFaQ&c=fMwt0
> K_84JbrNh2g&r=g4PmH1hE7QFyORHZZu6ZvGgYcF05RX_BoQU35Wge_64&m=DtnTGX
> 6Cpdv95nAMzxBF5mEqF4wXuydIVp2OqQ0&s=IcJG7PtS7sDFqstAO11qudCnVOoazEw
> WFxQoGbk&e=
> Have until the end of July to accept or reject   my offer. Your
> Law firm makes money either way and I am pleased at the way that both of you
> Have handled this case. Thank you for your help in bring the
> Gia to justice. Please keep up the good work and solid legal
> Counseling.
>
>
> Best regards
>
> Nathan Smith
>
>
>

Exhibit B                 031137675928...

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-00279-MWF (KSx) | Date: | **April 21, 2022** |
| Title: | Nathan Smith v. Christies Auction et al. | | |

| | |
|---|---|
| Present: | The Honorable MICHAEL W. FITZGERALD, U.S. District Judge |

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**     ORDER DENYING PLAINTIFF'S MOTION TO
ENFORCE THE PARTIES' SETTLEMENT
AGREEMENTS [32]

Plaintiff Nathan Smith filed a Motion to Enforce the Parties' Settlement Agreements (the "Motion") on April 7, 2022 (Docket No. 32).  However, on April 10, 2022, Plaintiff filed a Notice of Dismissal that voluntarily dismissed the action in its entirety.  (Docket No. 37).  This dismissal closed the case and meant that the Motion was implicitly denied.  Indeed, with the dismissal of the action the Court lacked jurisdiction to rule upon the Motion or enforce the settlement agreement.

Because the action has been dismissed, the Motion is again **DENIED** for lack of jurisdiction.

IT IS SO ORDERED.

_____
                              CIVIL MINUTES—GENERAL                              1

**Exhibit C**

> > > This communication is confidential.  If you are not an intended recipient, please advise by return email immediately and then delete this message, including all copies and backups.
> > >
> > > ----Original Message-----
> > > From: Meteor Multimedia <meteor@inorbit.com>
> > > Sent: Friday, April 1, 2022 1:36 PM
> > > To: Patella, Joseph <JosephPatella@andrewskurth.com>
> > > Subject: Re: RE: Nathan Smith 's Offer of Compromise
> > >
> > > Caution: This email originated from outside of the firm.
> > >
> > > Mr. Patella
> > >
> > > How about 10:30 a.m. my time which would be 1:30 your time.
> > > I am open to whatever is convenient for the parties involved. Just let know what time on Monday and I will make myself available.
> > > Please have an amazing weekend.
> > >
> > > Best regards
> > >
> > > Nathan Smith
> > >
> > > > Sent: Friday, April 01, 2022 at 5:08 PM
> > > > From: "Patella, Joseph" <JosephPatella@andrewskurth.com>
> > > > To: "Meteor Multimedia" <meteor@inorbit.com>
> > > > Subject: RE: Nathan Smith 's Offer of Compromise
> > > >
> > > > Good morning Mr. Smith,
> > > >
> > > > As you know, Defendants are required to respond to your complaint by April 11th.  Pursuant to Local Rule, the parties need to meet and confer beforehand to discuss the matter.  Please let me know your availability for a call on Monday, April 4th.  I look forward to speaking with you.
> > > >
> > > > Best regards, Joe
> > > >
> > > > Joseph Patella
> > > > Partner
> > > > josephpatella@HuntonAK.com
> > > > p 212.850.2839
> > > >
> > > > Hunton Andrews Kurth LLP
> > > > 200 Park Avenue
> > > > 52nd Floor
> > > > New York, NY 10166
> > > >
> > > >
> > > > HuntonAK.com
> > > >
> > > > This communication is confidential.  If you are not an intended recipient, please advise by return email immediately and then delete this message, including all copies and backups.
> > > >
> > > > ----Original Message-----

> > > > From: Meteor Multimedia <meteor@inorbit.com>
> > > > Sent: Friday, February 18, 2022 3:53 PM
> > > > To: Patella, Joseph <JosephPatella@andrewskurth.com>
> > > > Subject: Nathan Smith 's Offer of Compromise
> > > >
> > > > Caution: This email originated from outside of the firm.
> > > >
> > > > Mr. Patella  and  the Counsel for Bonhams Auction  and  the
> > > > Counsel for Sotheby Auction
> > > >
> > > >
> > > > I suggested to Mr. Patella and Mr.Akley that  I am always open to compromise. As a sign of Good faith I would agree to an extension of time for the defendants to answer contingent on the parties also using the extra  period of time for an attempt at a compromise that would be beneficial to all the parties involved and that might also settle the case.
> > > >
> > > > What I think would be fair is if you all decided to elect either Sotheby or Christies to hold the sale for the diamonds . Whomever thinks that they can get the best results is the one that I would prefer for the job. But not Bohnams. If you are able to reach an agreement I would be willing to dismiss my lawsuit  immediately against all the defendants. I would also agreed to relieve the other defendants of their obligation and commitment and agreement s with me which are the subject of this lawsuit.  Just as long as either Sotheby or Christies agreed to hold the sale for the diamonds and of course the goa is not to be involved in our affairs. The inclusions and the 550 absorption band are the standard for Confirming Colored diamonds.  We can work out the details for our experts to examine the diamonds.
> > > > Gentlemen this is all business. What kind of man would I be in the diamond business if I allowed your clients to breach their contract and agreements with me. Whether I win or lose I still have to defend my rights and I intend to do that vigorously. I hope we can set aside our difference and whether or not our case is strong or weak  so that we can reach s compromise that is amicable to all the parties involved. I look forward to hearing back from you gentlen in the near future.
> > > > Please have an amazing weekend.
> > > >
> > > > Best regards
> > > >
> > > > Nathan Smith
> >
> > _____
> >
> > ***CONFIDENTIALITY NOTICE***
> This email contains confidential information which may also be legally privileged and which is intended only for the use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that forwarding or copying of this email, or the taking of any action in reliance on its contents, may be strictly prohibited. If you have received this email in error, please notify us immediately by reply email and delete this message from your inbox.





Exhibit D



   



RE: 2:22-cv-03765-MWF-KS - Nathan Smith v. Pyror Cashman LLP et al                    6/27/22

From: Akley, Benjamin                                                                ↩ Info

## Exhibit E

-----Original Message-----
From: meteor@inorbit.com <meteor@inorbit.com>
Sent: Monday, June 27, 2022 1:58 PM
To: Akley, Benjamin <BAkley@PRYORCASHMAN.com>
Subject: Re: 2:22-cv-03765-MWF-KS - Nathan Smith v. Pyror Cashman LLP et al

Mr Akley

I will agree to your 30 day extension but I still will Be seeking a default regarding the breach of contract
Claim based on the fact that your clients and the co Defendants intentionally. Failed to adhere to the
Settlement and failed to answer my lawsuit in a timely manner. I believe service was proper. The Court has
jurisdiction over the defendant s to enforce the
Settlement. A promise from your clients
Regarding conducting the sale is the only way that I will not seek a default against the defendants. A
Promise to adhere to the terms of the settlement is The only way that I won't seek a default and
enforcement of the settlement by the Court. Anything Less means I will see you in Court. Injunctive relief
Will also be sought in order to enforce the agreement.
I will have the Court require the defendant s to remove All gia certified diamonds from their businesses. They
must use the process agreed to in the settlement . or Face a motion for injunctive relief. Remember no Gia in
their business affairs and they are required to use 550 absorption spectrum and inclusions to confirm
colored Diamonds.
I am enforcing my settlement. So the next time the Defendants hold another major sale. I will seek injunctive
relief to halt the sale if you violate the Settlement . The Diamond s better not have any Affiliation with the gia
because this would be a Direct violation of the settlement agreement. That Means I better not see any gia
certificate for any Of the diamond s being sold by the defendant s.
If I do I will sue for injunctive relief. Your clients Keep messing with me and they will lose their Diamond
selling privilege s. I am the last of your Clients worries with a potential class action in The pipelines.

Best regards
Nathan Smith

Best regards
Nathan Smith

> Sent: Monday, June 27, 2022 at 8:59 PM
> From: "Akley, Benjamin" <BAkley@PRYORCASHMAN.com>
> To: "meteor@inorbit.com" <meteor@inorbit.com>
> Cc: "Aimee Scala" <ascala@occllp.com>, "Marvisi, Brandon"
> <BMarvisi@hunton.com>
> Subject: 2:22-cv-03765-MWF-KS - Nathan Smith v. Pyror Cashman LLP et
> al
>
> Mr Smith: I represent Pryor Cashman LLP and Bonhams and Butterfields Auctioneers Corp in the above-
referenced action, and solely for purposes of the present email I also am speaking on behalf of the
remaining defendants in the action. It is my understanding that you purport to have served process on the
defendants by email, and that you intend to seek entry of default against the defendants. While it is my
position that you have not effectively served process on either my clients or the other defendants, and it is
further my position that any attempt to obtain entry of default against the defendants would be improper
and that any such default would be defective and void, without waiver of those positions I hereby request on
behalf of all the defendants an extension of 30 days-until July 27, 2022-for the defendants to respond to
your complaint. Please advise by the end of the day today. Please note that nothing in this email constitutes
an agreement or commitment of any sort by the defendants, and that only your express and specific assent
to the extension sought in this email will form an agreement which will be limited only to the specific
extension sought herein. All rights reserved; none waived.
>
>
> Benjamin S. Akley
> Pryor Cashman LLP
> 1801 Century Park East, 24th Floor
> Los Angeles, California 90067
> Tel: 310.683.6641
> Cell: 802.522.3927
> Fax: 310.943.3397
> bakley@pryorcashman.com<mailto:bakley@pryorcashman.com>
> www.pryorcashman.com<http://www.pryorcashman.com/>

 
RentRadi
Rental Landlord          OPEN
Software

   

**Perlman, Samara L.**

| | |
|---|---|
| **From:** | Akley, Benjamin |
| **Sent:** | Monday, May 2, 2022 10:52 AM |
| **To:** | Patricia Pernes |
| **Cc:** | Niborski, Michael J.; Noh, Megan E.; Perlman, Samara L. |
| **Subject:** | FW: Gia's and Christie's, Bonhams and Sotheby's fake diamond Scheme |
| **Attachments:** | Gia 's and defendants fake Diamonds.pdf |

**Exhibit F**

Hello Patricia: I hope you had a nice weekend. Please see the below new missive from Smith. As anticipated and highlighted, he's threatening to institute a new action to enforce the fake settlement. Unless you want to commence our own declaratory judgment lawsuit to get ahead of things (which will be costly and more burdensome on us at the plaintiff(s)), there's not really anything we can do to prevent him from suing. However, if and when he does anything we'll make sure the case ends up back in front of the same judge (which should not be a problem, although there are no guarantees) and then we've laid nice groundwork to obtain a quick dismissal and, perhaps, even some sort of order prevent Smith from continuing to harass. We will of course let you know what happens and, if Smith does proceed, we can discuss how you'd like to handle in more detail then.

Let me know if you'd like to get on a call to discuss.

Ben

Benjamin S. Akley
Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Tel: 310.683.6641
Cell: 802.522.3927
Fax: 310.943.3397
bakley@pryorcashman.com

www.pryorcashman.com
A member of Interlaw, an International Association of Independent Law Firms
Pryor Cashman LLP is thinking green for the future.
Please consider the environment before printing this email.

-----Original Message-----
From: Meteor Multimedia <meteor@inorbit.com>
Sent: Monday, May 2, 2022 6:17 AM
To: Akley, Benjamin <BAkley@PRYORCASHMAN.com>
Subject: Fw: Gia's and Christie's, Bonhams and Sotheby's fake diamond Scheme

> Sent: Monday, May 02, 2022 at 3:15 PM
> From: "Meteor Multimedia" <meteor@inorbit.com>
> To: ascala@occllp.com
> Subject: Gia's and Christie's, Bonhams and Sotheby's fake diamond
> Scheme
>
> Ladies and Gentlemen and respective counsels' for Sotheby's, Bonhams
> and Christie's. Whether I am done with further litigations against
> your companies is entirely up to you. I intend to enforce my

1

**Exhibit G**

> settlement to the fullest extent of the Law. Whether you comply or
> not.
> You of course have the right to an appeal and the clock Is ticking. I
> will be expecting you to come in to compliance With our settlement
> agreement after the deadline for your appeal. So you need to start
> planning the sale of my Diamonds as setforth in our settlement
> agreement. I will not hesitate to file another lawsuit to enforce the
> settlement. Issue Preclusion or Collateral Estoppel with bar you from
> raising the issue of our settlement agreement. As you know The
> Honorable Judge Fitzgerald ruled that he lack the jurisdiction to
> enforce the settlement. I also did not Dismiss my case with prejudice.
> So going back to Court to enforce my settlement is no problem. I
> intend to file a Whole new action against all of you if you fail to
> fulfill your part of the settlement agreement and you will also be
> sued For you're most recent and past transgressions against me.
> I would rather just Forgive you all .
>
> But I am prepared to do it either the hard way or easy way.
> You are going to all lose your diamond selling privilege s And your
> credibility if you continue your racist campaign Against me in your
> concerted effort s and racist conduct To destroy a black man"s diamond
> Business. Both you and The racist and fraudulent gia. You are all the
> poster Childs For White Privilege. Your coded wording are very racist
> and Benjamin Akley needs to get his racism and anger under Control. So

>>>

15

1     CERTIFICATE OF SERVICE

2

3  I am the Plaintiff in case # 2:22-cv-03765 and I reside at

4  11040 Otsego Street North Hollywood California 91601

5  I caused to be delivered via email the document

6 entitled Plaintiff's Nathan Smith's MOTION TO ENFORCE AND

7 MOTION TO DISQUALIFY . The Plaintiff delivered to Gia and defendants

8 Bonhams and Butterfield Auctioneers Corp, Christie's Inc , Sotheby's Inc and

9 the other co defendants in case # 2:22-cv-03765 Nathan Smith v Pyror cashman LLp.

10

11

12  9-6-22 Nathan Smith

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28